UNITED STATES of America,
Plaintiff-Appellee,

v.

William J. PRY, Defendant-Appellant.

No. 79–5330.

United States Court of Appeals,
Fifth Circuit.

Sept. 12, 1980.

Rehearing Denied Oct. 20, 1980.

P. Joseph Brake, Asst. Federal Public Defender, San Antonio, Tex., for defendant-appellant.

Le Roy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before THORNBERRY, GEE and REAVLEY, Circuit Judges.

PER CURIAM:

Appellant William J. Pry was convicted by a jury of failure to file employer's quarterly tax returns in violation of 26 U.S.C. § 7203. Pry claims the district court erred in denying his motion for a change of venue, in admitting certain evidence of his prior acts and in ordering that he be released from prison as if on parole only after he serves 10 months of his one-year sentence. We reject Pry's challenges and affirm.

### Change of Venue

During all times relevant to the offenses charged in the indictment, Pry lived and worked in Austin, which is in the Western District of Texas. He also was required at all relevant times to file his federal tax forms with the Internal Revenue Service (IRS) office in Austin.

Pry was indicted in the Western District and was tried in Austin. His counsel was a member of the Federal Public Defender's office stationed in San Antonio, which is also in the Western District approximately 70 miles from Austin.

Sometime prior to trial, Pry moved from Austin to Houston, which is in the Southern District of Texas. Houston is approximately 130 miles from Austin and approximately 170 miles from San Antonio.

All nine of the government's witnesses were from the Austin area.

A few weeks before trial, Pry moved under Fed.R.Crim.P. 21(a) and (b)[1] to have

---

1. Fed.R.Crim.P. 21(a) and (b) provides:

(a) For Prejudice in the District. The court upon motion of the defendant shall transfer the proceeding as to him to another district whether or not such district is specified in the defendant's motion if the court is satisfied that there exists in the district where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial at any place fixed by law for holding court in that district.

the proceedings transferred to the Houston division of the Southern District. In support of the motion, he claimed he was financially ill-equipped to travel to Austin for the trial or to travel to San Antonio to consult with his lawyer and that, because of the "great number of government employees including the Internal Revenue Service in Austin," he could not receive a fair trial in that city.[2] In opposition, the government pointed out that its witnesses lived near Austin and that the public defender had access to travel funds. The district court denied the motion.

■ Because the tax forms Pry failed to file should have been filed in Austin, the Western District of Texas was a proper venue for his trial. *See United States v. Calhoun*, 566 F.2d 969, 973 (5th Cir. 1978). We may reverse the denial of the motion for a change of venue only upon a showing that the district court abused its discretion, *United States v. Juarez*, 573 F.2d 267, 280 (5th Cir. 1978); *United States v. Walker*, 559 F.2d 365, 372 (5th Cir. 1977). Pry has made no such showing. Under Rule 21(b), the district court is to consider the convenience of the witnesses as well as the convenience of the parties. The district court in this case apparently considered the inconvenience that would have been suffered by the Austin-area witnesses had the case been transferred to Houston. The denial of the motion was within the court's range of discretion.

### Prior Acts

During all times relevant to the offenses alleged in the indictment, Pry owned and operated Capital Specialty Blasting Company, which performed dynamite-blasting operations for construction and road-building companies. Pry had several employees who were paid hourly wages. The indictment alleged that Pry was "an employer of labor and a person required under the provisions of the Internal Revenue Code to make a return of federal income taxes withheld from wages and Federal Insurance Contributions Act taxes" and that, in violation of 26 U.S.C. § 7203,[3] he had filed no employer's quarterly tax return for any of the tax quarters of 1974 or for the first tax quarter of 1975.

The government's evidence showed not only that Pry had failed to file the required forms but also that he had withheld money from his employees' wages purportedly to be turned over to the IRS and that he had kept the money. During its case-in-chief, the government offered the testimony of Marcus Erfurt, who was Pry's business partner until December, 1973, when he left Pry to establish his own dynamite-blasting business. Erfurt testified that after taking over Capital's bookkeeping chores from Pry during 1973, he found two employer's quarterly tax return forms that Pry had filled out for the first two quarters of 1973 but that he had not sent to the IRS. Erfurt mailed them in.

■ A defendant's good faith belief that he need not file an employer's quarterly tax return is a defense to a charge brought under § 7203 of "willfully" failing to file

(b) Transfer in Other Cases. For the convenience of parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to him or any one or more of the counts thereof to another district.

2. On appeal, Pry has abandoned the claim that he was entitled to a change of venue under Fed.R.Crim.P. 21(a), dealing with prejudice in the district in which the trial is to be held. His brief addresses only the claim that he was entitled to a change of venue under Fed.R. Crim.P. 21(b).

3. 26 U.S.C. § 7203 provides:

Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.

the return, see United States v. Pinner, 561 F.2d 1203, 1206 (5th Cir. 1977); United States v. Douglass, 476 F.2d 260, 263 (5th Cir. 1973).

■ Pry claims that Erfurt's testimony should have been excluded under Fed.R. Evid. 402, 403 and 404(b). If it may be said that the unmailed 1973 quarterly reports proved a prior wrong and that this was harmful to Pry, it is nevertheless relevant and admissible as evidence of Pry's knowledge and intent. In 1973 Pry apparently knew the proper means of complying with the law. See United States v. Beechum, 582 F.2d 898 (5th Cir. 1978).

### Sentence

■ Pry was convicted on all five counts under which he was indicted. The district court sentenced him to one year of imprisonment on Count One and ordered that he be "released as if on parole after serving TEN (10) MONTHS, pursuant to Title 18, United States Code, Section 4205(f) . ." The court also sentenced Pry to one year of imprisonment on each of Counts Two through Five but ordered that those sentences be suspended and that Pry be placed on probation for three years on each of those counts. The sentences for the latter four counts were to run concurrently with each other but consecutively with the sentence imposed under Count One.

Pry claims that the sentence imposed under Count One is illegal. He argues that 18 U.S.C. § 4205(f), the statute under which the district court imposed a portion of the sentence, authorizes a district court to order a defendant released as if on parole only if the defendant is to be released immediately upon having served one-third of the prison term to which he was sentenced. The district court, as noted above, ordered that Pry be released only after he serves 10 months of the one year sentence.

18 U.S.C. § 4205(f) provides in pertinent part:

Any prisoner sentenced to imprisonment for a term or terms of not less than six months but not more than one year shall be released at the expiration of such sentence less good time deductions provided by law, unless the court which imposed sentence, shall, at the time of sentencing, provide for the prisoner's release as if on parole after service of one-third of such term or terms . . . .

Section 4205(f) was enacted in 1976 as part of the Parole Commission and Reorganization Act, 18 U.S.C. §§ 4201 et seq. Its legislative history is not enlightening. There is a dearth of dispositive jurisprudence. Section 4205(f) is the only provision in the body of federal law authorizing the district courts to order, at the time of sentencing, that a defendant be released as if on parole and after service of a portion of his sentence. The subsection applies only to defendants sentenced to prison terms of between six months and one year, inclusive.

Another provision of the Act, § 4205(b), grants the district courts the discretion to determine, at the time of sentencing, when a prisoner imprisoned for more than a year shall become eligible for parole. Section 4205(b) permits the district courts to set that time at any point during the first third of the prison sentence. If the district court does not exercise that power, the prisoner will become eligible for parole, pursuant to § 4205(a), after service of one-third of his prison sentence.

The government argues that the portion of § 4205(f) indicating that release shall be after service of one-third of the prison term sets the threshold and the district court may order a prisoner released at any time after his service of at least that one-third. We find this persuasive and consistent with the broad discretion allowed in sentencing. To accept Pry's argument would result in holding that the district court could sentence Pry to several years imprisonment and suspend all or any part of it but he could not sentence him to a year and provide for his release after 10 months. We reject that overly legalistic reading of 18 U.S.C. § 4205(f).

We find merit in the government's further argument that adoption of Pry's interpretation of § 4205(f) would adversely af-

fect the authority granted by 18 U.S.C. § 3651[4] for the imposition of split sentences.

Pry would have this court change his sentence so that he will be eligible for release as if on parole after service of one-third of his one year prison term. We decline to do that. It is apparent that the district court intended Pry to serve at least 10 months in prison. We defer to the broad discretion given to trial courts in matters of sentencing.

Pry's conviction and sentence are AFFIRMED.

---

4.  18 U.S.C. § 3651 provides in pertinent part: Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and condition as the court deems best.