UNITED STATES of America, Appellee,

v.

Robert W. FLITCRAFT and Rebecca A. Flitcraft, Appellants.

No. 86–2158

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 24, 1986.

John S. Newberry, Gladstone, Tex., for appellants.

Bob Wortham, U.S. Atty., J. Michael Bradford, Paul E. Naman, Asst. U.S. Attys., Beaumont, Tex., for appellee.

Before REAVLEY, JOHNSON, and DA-VIS, Circuit Judges.

JOHNSON, Circuit Judge:

Robert W. Flitcraft and his wife Rebecca appeal their convictions for failing to file tax returns and filing false withholding exemption certificates under 26 U.S.C. §§ 7203 and 7205, both misdemeanors. On appeal, they raise two issues: (1) whether the district court abused its discretion by excluding cases and other documents that Flitcraft claimed to have relied on in concluding that he was not required to file an income tax return; and (2) whether the district court committed plain error in instructing the jury that an unreasonable but good-faith misunderstanding of the income tax law was no defense to the charge. We find no error as to issue (1), but do find plain error as to issue (2), and therefore reverse and remand for a new trial.

## I. FACTS AND PROCEDURAL HISTORY

The Flitcrafts' present troubles began when Rebecca Flitcraft served on a federal jury in a criminal case and provided the lone acquittal vote that caused a mistrial. Federal investigators looking into charges of juror tampering discovered that the Flitcrafts had not filed income tax returns for 1981 and 1982, and that they had filed withholding forms in 1982 claiming exemption from tax. Indictments followed under 26 U.S.C. § 7203 (willful failure to file returns) and § 7205 (willful filing of a false withholding exemption certificate).

At trial, the Flitcrafts admitted that their income was high enough to make them liable for tax and that they had in fact signed the false withholding forms and failed to file returns. They contested only the Government's contention that these acts were done willfully. Mrs. Flitcraft stated that she had trusted her husband when he told her that he had researched the question and that they owed no tax. Mr. Flitcraft testified that he had read cases and articles that convinced him that his wages were not income, merely an even exchange of money for time. The trial judge, a United States magistrate, refused to allow Flitcraft to introduce the legal materials on which he claimed to have relied, but did allow him to testify about them orally. The Government also introduced evidence that Mr. Flitcraft had belonged to a tax protest group.

The jury found the Flitcrafts guilty on all counts. Robert Flitcraft was sentenced to four years in prison and five years of probation; Rebecca was sentenced to one year's imprisonment and five years' probation. Both were ordered to pay restitution and file annual tax returns. The district court affirmed the judgment. 18 U.S.C. § 3402.

## II. EXCLUSION OF DOCUMENTS

The Flitcrafts first contend that the trial court erred by excluding from evidence documents relied on by the Flitcrafts in their belief that they were not subject to

federal income tax. Robert Flitcraft testified that he believed that filing a federal income tax return was voluntary. He sought to introduce case law and documents, which he claimed were the basis for his beliefs. The Government's objection to this evidence was sustained but Robert Flitcraft was allowed to testify about the existence and contents of the documents. The Flitcrafts now argue that the jury would have been more likely to credit the sincerity of the Flitcrafts' belief that they were not subject to filing a return if it had seen the documents.

■ The Federal Rules of Evidence provide that evidence, though relevant, "may be excluded if its probative value is substantially outweighed by the danger of ... confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. A district court's ruling under Rule 403 will not be disturbed except for an abuse of discretion. *United States v. Burton*, 737 F.2d 439, 443 (5th Cir.1984).

■ In the present case the introduction of the cases and documents relied on by Flitcraft would have been cumulative because Flitcraft testified to the documents he relied on and their contents. The introduction of the documents themselves would have had little further probative value. In addition, the documents presented a danger of confusing the jury by suggesting that the law is unsettled and that it should resolve such doubtful questions of law. *See, e.g., Cooley v. United States*, 501 F.2d 1249, 1253, (9th Cir.1974), *cert. denied*, 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975).

## III. JURY INSTRUCTIONS ON INTENT

The Flitcrafts were found guilty of violations of sections 7203 and 7205. Both statutes define specific intent offenses and require a showing of "willfulness" on the part of the offender.

In a preliminary instruction to the jury, the magistrate stated:

The defendants are entitled to raise the defense that they were acting in good faith and that their actions were proper, but their beliefs must be objectively reasonable and if they act contrary to settled law, the beliefs are not considered to be objectively reasonable.

Record Vol. 5 at 293. In his closing charge to the jury the magistrate gave a customary definition of "willfulness," i.e., "means, 'voluntarily, purposefully, deliberately, and intentional,'" but then stated:

The belief that wages are not income, even if earnestly held, does not constitute a misunderstanding of the requirements of the law and is not a defense.

Rec.Vol. 5 at 447. The defense failed to object to either of these instructions.

■ The Supreme Court has defined willfulness, in the context of a criminal tax case, as the "intentional violation of a known legal duty." *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976), quoting *United States v. Bishop*, 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973). Where the statute, as in the instant case, criminalizes only "willful" violations, a bona fide misunderstanding is a valid defense. *United States v. Murdock*, 290 U.S. 389, 396, 54 S.Ct. 223, 226, 78 L.Ed. 381 (1933). This Court has followed the Supreme Court in allowing a good faith defense under these and related statutes. *United States v. Burton*, 737 F.2d 439, 441–42 (5th Cir. 1984); *United States v. Reed*, 670 F.2d 622, 624–25 (5th Cir.), *cert. denied*, 457 U.S. 1125, 102 S.Ct. 2945, 73 L.Ed.2d 1341 (1982); *United States v. Pry*, 625 F.2d 689, 691–92 (5th Cir.1980), *cert. denied*, 450 U.S. 925, 101 S.Ct. 1379, 67 L.Ed.2d 355 (1981); *Mann v. United States*, 319 F.2d 404, 409–10 (5th Cir.1963), *cert. denied*, 375 U.S. 986, 84 S.Ct. 520, 11 L.Ed.2d 474 (1964). All of the other circuits to consider the question have reached the same conclusion. *See, e.g., United States v. Aitken*, 755 F.2d 188, 192–93 (1st Cir.1985); *United States v. Kraeger*, 711 F.2d 6, 7 (2d Cir.1983); *Yar-*

*borough v. United States,* 230 F.2d 56, 61 (4th Cir.), *cert. denied,* 351 U.S. 969, 76 S.Ct. 1034, 100 L.Ed. 1487 (1956); *Battjes v. United States,* 172 F.2d 1 (6th Cir.1949); *Cooley,* 501 F.2d at 1254 (9th Cir.1974); *United States v. Phillips,* 775 F.2d 262, 263–64 (10th Cir.1985). In sum, there is little doubt that the instructions given in the instant case were erroneous.

 However, since the Flitcrafts did not object to these instructions in the trial court, we cannot reverse unless we find that the instructions constituted plain error "affecting substantial rights." Fed.R. Crim.P. 52(b); *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936); *United States v. Gammage,* 790 F.2d 431, 434 (5th Cir.1986). In *Mann,* this Court found, in a case presenting similar facts, that an instruction holding out an objective rather than a subjective standard did constitute plain error. 319 F.2d at 409–10. The *Mann* Court noted that intent was central to the case, and declared that the defective instruction was not cured by the trial court's other, correct instructions. *Id.* at 410. The First Circuit, in another tax case, found a jury instruction setting an "objectively reasonable" standard to be plain error. *Aitken,* 755 F.2d at 194.

In the instant case, the Flitcrafts' intent to disobey the law was the crucial issue. The magistrate's instruction that the defendants could not have acted in good faith if they disobeyed "settled law" deprived the Flitcrafts of their only defense and amounted to an impermissible directed verdict for the Government. *Burton,* 737 F.2d at 441.

 The Government contends that the Flitcrafts waived this point of error by failing to raise it on appeal to the district judge. The district court did not address this particular point of error, but, since the record does not include the briefs reviewed by the district judge, it cannot be determined whether the error was raised in that forum. In any event, this Court on direct review may notice plain error on its own motion. *See Williams v. United States,*

208 F.2d 447, 450 (5th Cir.), *cert. denied,* 347 U.S. 928, 74 S.Ct. 531, 98 L.Ed. 1081 (1954); *United States v. Powe,* 591 F.2d 833, 847 n. 49 (D.C.Cir.1978).

## IV. CONCLUSION

Because the trial court's instructions deprived the Flitcrafts of their good-faith mistake of law defense, their conviction must be REVERSED and the case REMANDED for a new trial.

REVERSED AND REMANDED.