**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert W. and Rebecca A. FLITCRAFT,
Defendants–Appellants.**

No. 87–2574.

United States Court of Appeals,
Fifth Circuit.

Dec. 29, 1988.
Rehearing Denied Jan. 26, 1989.

Howard L. Close, Gregg R. Brown, Beaumont, Tex. (court-appointed), for defendants-appellants.

Robert W. Flitcraft, Beaumont, Tex., pro se.

Rebecca A. Flitcraft, Beaumont, Tex., pro se.

Paul E. Naman, Asst. U.S. Atty., Bob Wortham, U.S. Atty., Beaumont, Tex., for plaintiff-appellee.

Before GEE, SNEED * and WILLIAMS, Circuit Judges.

GEE, Circuit Judge:

This case has already required three trials. The first came to grief because of the incompetency of counsel. A second found the defendants guilty on all charged counts of tax fraud. On appeal, we reversed because of an improper jury instruction on intent. 803 F.2d 184 (5th Cir.1986). The result of that remand was a third trial, one in which the Flitcrafts were found guilty on all twelve counts of providing false W-4 forms to their employers and failing to file tax returns under 26 U.S.C. §§ 7203 and 7205. We reverse in part and remand for resentencing.

## Background

Mrs. Rebecca Flitcraft served as a juror in a tax fraud case and was the sole vote for acquittal. The jury foreman mentioned possible jury misconduct to the judge, and federal investigators concluded that neither she nor Mr. Flitcraft had filed income tax for calendar years 1981 or 1982, and that they had filed several false withholding forms in 1982 claiming exemption from tax. The grand jury returned an indictment on twelve counts.

In the third trial, Robert Flitcraft was again convicted of two counts of failure to file and seven counts of filing false W-4s. Rebecca Flitcraft was convicted on two counts of failure to file and one false W-4 count. At trial the defendant waived reading the indictment and the government summarized it. Counts one and two against Robert Flitcraft and counts ten and eleven against Rebecca Flitcraft were explained. Count twelve against Mrs. Flitcraft was described generally.

The remaining counts, three through nine, were described together; and the jury never knew when the Flitcrafts were alleged to have filed false W-4 forms, or with which employers these might have been filed. Because this information was not provided in the charge, the jury never knew to what these counts pertained. The government urges reversal of these counts along with count twelve because the jury never received details of the charges sufficient to allow them to compare the specific charge to the evidence.

Three of the W-4 forms received in evidence were submitted to employers not mentioned in the indictment, and six W-4s introduced were for a year not included in the indictment. The verdict form apparently confused the jury because it listed no years for the counts and failed to specify whether the count charged a failure to file ("1040"), or for filing a false withholding form ("W-4"). The jury asked for assistance with the following written note, which was delivered to the judge:

Could you identify the charges by number so that we can separate our votes, please.

The court suggested the jury receive the indictment, but the defendants' standby counsel objected. Standby counsel, in fact, objected to every solution discussed, including the one which the judge adopted. The solution chosen was one recommended by Mr. Flitcraft: simply to place "1040" beside the counts charging failure to file, and "W-4" by the ones related to false withholding forms. No indication of the year was given for any count, nor any of the employers to which the withholding forms were submitted. Even so, the jury found the defendants guilty on all counts.

## Analysis

It is patent that the jury was confused as to what evidence applied to which charge of filing false W-4 forms. To clarify the verdict form, the jury requested assistance. The defendants' standby counsel agreed to none of the suggested remedies, and the method selected by the judge —simply designating the 1040 and W-4 counts as such—was unsatisfactory. As the United States Supreme Court has held:

Discharge of the jury's responsibility for drawing appropriate conclusions from the testimony depended on discharge of the judge's responsibility to give the jury designation.

* Circuit Judge of the Ninth Circuit, sitting by

the required guidance by a lucid statement of the relevant legal criteria. When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy.

*Bollenbach v. United States*, 326 U.S. 607, 612–13, 66 S.Ct. 402, 405, 90 L.Ed. 350 (1946). In the circumstances presented, it was the judge's responsibility to clear up the jury's confusion. *United States v. Anderton*, 629 F.2d 1044, 1049 (5th Cir.1980). But the haze never lifted. The jury never heard the details of the W-4 charges, never knew what evidence applied to which charge, and must have been quite at a loss to understand these counts. Merely characterizing these counts as either 1040 or W-4 ones provided inadequate information for determining criminal guilt or innocence for each count.

Commendably, the government recommends reversal on the W-4 counts. Although the government's recommendation does not bind us, it is entitled to great weight. *Young v. United States*, 315 U.S. 257, 258–59, 62 S.Ct. 510, 511–12, 86 L.Ed. 832 (1942); *Every v. Blackburn*, 781 F.2d 1138, 1140–41 (5th Cir.1986). Because the jury was uninformed about the charges relating to the filing of false W-4s, and in particular because evidence of doubtful W-4s pertaining to years and employers not mentioned in the indictment were placed before the jury and may have been taken into account in their findings of guilt, we must reverse on those counts.

■ Whether the rest of the counts should be reversed is a difficult issue. The government contends that the jury knew what it was doing with regard to counts one, two, ten and eleven because the prosecution explained those counts in the summation of the indictment. The notation of "1040," the prosecution suggests, reminded the jury that these counts related to failure to file income tax returns. While conceding that the procedure of answering the jury's request for help by making the notation was "unorthodox," the prosecution claims that enough information was available to determine guilt fairly.

The fact is that the jury knew that each of the defendants was being charged with failure to file returns in two tax years only—1981 and 1982. Although the jury might not have known which count applied to which specific year, lack of that information was not prejudicial since each defendant was found guilty on both counts of failing to file. As to each, the evidence was crushing, and as to none was any significant extraneous or misleading evidence before the jury. In these unique circumstances, we conclude that the circumstance that the jury may not have known which "guilty" finding written down by their foreman applied to which count is not of significance. They knew that they were finding each defendant guilty of both charged counts of failure to file; that suffices. As a result, no grounds for reversal exist and these counts are remanded for resentencing.

■ Finally, the defendants further assert impropriety in the investigation of the mistrial where Mrs. Flitcraft served as a juror. They cite *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) as support for the proposition that Mrs. Flitcraft's expression of her views against taxation was a coerced confession. In addition to the obvious fact that Mrs. Flitcraft was not in custody as required by *Miranda*, however, Mrs. Flitcraft never asserted her fifth amendment right to silence, which would have been the proper response to an incriminating question. The investigation was proper and no error is shown. See *Clark v. United States*, 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993 (1933). The argument that it is a violation of the fifth amendment right against self-incrimination to have to sign a W-4 form and 1040 tax return is similarly without merit. *Garner v. United States*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976). Nor does the Fifth Amendment afford a defense when no income is reported. *United States v. Shivers*, 788 F.2d 1046, 1048 (5th Cir.1986).

The judgment of the district court is therefore REVERSED on the counts pertaining to the W-4s and the cause is RE-

MANDED for resentencing on all counts relating to the 1040s.