**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 92-2148

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES E. STAFFORD,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

(January 26, 1993)

Before POLITZ, Chief Judge, GARWOOD and DAVIS, Circuit Judges.

POLITZ, Chief Judge:

Convicted by a jury of tax evasion, 26 U.S.C. § 7201, James E. Stafford appeals, contending that the trial court erred in evidentiary rulings, allowing certain prosecutorial comments, and in its instructions to the jury. He also appeals his sentence, contending that two conditions of probation are overly broad and harsh. Finding neither error nor abuse of discretion in the challenges to his conviction, we affirm. Finding error in the imposition of the particular conditions of probation we vacate that portion only of the sentence and remand for its re-imposition.

Stafford, a tax protestor, did not file federal tax returns

for the years 1985, 1986, and 1987. He claims a belief that wages are not income and that filing a tax return is purely voluntary. Indicted and convicted of three counts of tax evasion he was sentenced to three years probation, requiring six months in a community halfway house. The conditions of probation also require that he provide his probation officer with "access to any requested financial information" and "cooperate with the Internal Revenue Service to resolve the tax matter subject of the indictment."

Analysis

### 1.  Jury instructions

Stafford posits two challenges to the jury charge, contending that the court should have instructed the jury on:  (1) the lesser included misdemeanor offense of willful failure to file a tax return, 26 U.S.C. § 7203; and (2) that under 26 U.S.C. § 6020(b)(1) the Secretary may file a return for a taxpayer who fails to do so. Both challenges founder.

We first consider the lesser included offense challenge. Albeit his counsel did not object,[1] Stafford contends that the trial court erred in failing to instruct the jury on the lesser included misdemeanor, the failure-to-file offense.  When an omission from a jury charge is raised for the first time on appeal,

---

[1]     Stafford's original counsel, later dismissed, included the section 7203 charge in his requested jury instructions. Stafford's subsequent trial counsel did not request the lesser included charge.

we review only for plain error.[2] "Error in a charge is plain only when, considering the entire charge and evidence presented against the defendant, there is a likelihood of a grave miscarriage of justice."[3]

In **United States v. Doyle**,[4] a tax evasion prosecution, we held that it was reversible error for the district court not to give the requested instruction on the misdemeanor offense of failure to file a return. In this case, however, Stafford did not make such a request. A criminal defendant is entitled to make a strategic choice to forgo the lesser included offense instruction.[5] That choice obviously was made herein. Stafford's counsel emphasized during closing arguments that Stafford was charged with tax evasion and not with the failure to file.[6] We conclude that the district

---

[2] **United States v. Sellers**, 926 F.2d 410 (5th Cir. 1991).

[3] 926 F.2d at 417 (citing **United States v. Welch**, 810 F.2d 485, 487 (5th Cir. 1987)).

[4] 956 F.2d 73 (5th Cir. 1992).

[5] **United States v. Lopez Andino**, 831 F.2d 1164 (1st Cir. 1987), cert. denied, 486 U.S. 1084 (1988).

[6] Stafford's counsel made several such comments during his closing argument, including the following:

This case is not about a failure to file. The Government's attorney explained to the jury and even to our client yesterday on the witness stand that this is not a failure to file case.

The issue in our case today is evasion. It's not failure to pay. It's not failure to file. It's evasion.

This case is about evasion. As far as my client is concerned, all we're here today to decide is did he believe that he was within the law. That's our only decision. We're not here to decide whether or not he

3

court did not commit plain error by not giving that instruction.

Nor do we find any merit in Stafford's complaint that the jury charge did not include the text of section 6020(b) which authorizes the Secretary to file a return for a taxpayer. Although not a part of the instruction, the statute was read to the jury. The jury was correctly charged that although the section authorizes the Secretary to file for a taxpayer, the statute does not require such a filing, nor does it relieve the taxpayer of the duty to file.

In **United States v. Powell**,[7] our colleagues in the Ninth Circuit held that the trial court must instruct the jury on the correct meaning of section 6020(b)(1). "The jury cannot be allowed to decide on its own that § 6020(b) somehow makes lawful the failure to file a return,"[8] when in fact it does not. The **Powell** court cautioned, however, that "an instruction on § 6020(b) must not be framed in a way that distracts the jury from its duty to consider a defendant's good faith defense."[9] In this case the jury was instructed on both the correct meaning of section 6020(b) and the defendant's good faith defense. "A challenged jury instruction

---

should or should not have filed a return. The IRS didn't ask you for that one. [Emphasis supplied.]

[7]   955 F.2d 1206 (9th Cir. 1992).

[8]   955 F.2d at 1213.

[9]   **Id.** The jury should be able to acquit "if it finds that [the defendant] believed in good faith that § 6020(b) removed the obligation to file a tax return, and not because the jury itself has so interpreted the statute."

4

must be assessed in light of the entire jury charge."[10] Read as a whole, we find that the jury instructions given herein were adequate and appropriate.

2. <u>Exclusion of evidence</u>

Stafford sought to introduce his 1980 tax return together with copies of judicial opinions and magazine and newspaper articles that he attached when he filed the return in 1981. He claims that these materials were relevant to whether he willfully evaded taxes or had a good faith belief that he did not have to pay same. The government successfully objected to the admission of any materials other than the tax form itself, but Stafford was permitted to testify about these attachments.

Generally, a district court may exclude evidence of what the law is or should be.[11] Nonetheless, "forbidding the jury to consider evidence that might negate willfulness would raise a serious question under the Sixth Amendment's jury trial provision."[12] In **Barnett** we concluded that the delicate balance required by Rule 403 of the Federal Rules of Evidence would be satisfied by excluding the challenged documents but allowing the defendant to testify about their contents and the effect the

---

[10] **United States v. Barnett**, 945 F.2d 1296, 1298 (5th Cir. 1991), <u>cert</u>. <u>denied</u>, 112 S.Ct. 617 (1992) (citing **United States v. Eargle**, 921 F.2d 56, 57 (5th Cir. 1991)).

[11] **Powell**.

[12] **Cheek v. United States**, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991).

information had in the formulation of his beliefs.[13]  In the case at bar, Stafford was permitted to testify extensively regarding the information contained in the attachments upon which he claimed to rely in the formation of his belief that he did not have to pay taxes.  Stafford was not deprived of an opportunity to present this evidence to the jury.[14]

### 3.  Prosecutorial comments

Stafford maintains that the district court erred by permitting the prosecutor to comment on the fact that he had claimed fourth and fifth amendment rights on the tax returns he filed for the years 1977 to 1980.[15]  He complains of the following remarks during closing argument:

> Mr. Stafford testified that he had never been convicted of any crime and he doesn't believe he's committed any crimes.  He also testified that he's not received any income from illegal sources.  Well, if that's the case, then why did he file tax returns for 1977 through 1980 -- that's before our years -- claiming the Fourth and Fifth Amendments to the Constitution?  If he hasn't committed any crime, then what's he afraid of?  What's he got to hide?
>
> Although these tax years are for years not involved in our prosecution, his claims to the Fourth and Fifth

---

[13]  945 F.2d at 1301 (citing **United States v. Flitcraft**, 803 F.2d 184, 185-86 (5th Cir. 1986)).

[14]  By permitting oral evidence, "the documents themselves become cumulative and the potential for jury confusion is minimized."  **Barnett**, 945 F.2d at 1301.

[15]  On his 1977 return, for example, Stafford noted:  "I offer to amend or file again if you can show me how to do so without waiving my Constitutional Rights, especially my Fourth and Fifth Amendment Rights."

Amendments are just one more piece of evidence you can consider of just how insincere Mr. Stafford's beliefs really are.

Stafford argues that any probative value these comments may have had was outweighed by their highly prejudicial effect. Stafford did not object during trial; we review under the plain error standard.

Stafford introduced the tax forms and testified at length about his desire to protect his fourth and fifth amendment rights. The prosecutor's comments on these matters, therefore, were not without proper basis or reason. The comments were not likely to result in a grave miscarriage of justice sufficient to constitute plain error. This assignment of error lacks merit.

4. <u>Conditions of probation</u>

Stafford's complaint about the conditions of his probation poses his most serious challenge. The requirements that he give his probation officer access to any financial information, and that he cooperate fully with the IRS in resolving tax liability for the years covered by the indictment, mandate too much.

A condition of probation is not necessarily invalidated merely because it impairs a probationer's enjoyment of constitutional rights.[16] Discretionary conditions of probation, however, must be "reasonably related" to the goals of sentencing and involve "only such deprivations of liberty and property as are reasonably

---

[16] **United States v. Tonry**, 605 F.2d 144 (5th Cir. 1979).

necessary" for these purposes.[17] The goals of sentencing have been characterized as "promoting respect for law, providing just punishment for the offense, achieving general deterrence, and protecting the public from further crimes by the defendant."[18]

To the extent the conditions apply to tax years other than those which are the subject of this litigation, and for which Stafford may be held accountable during the period of probation, the broad obligation to provide access to <u>any</u> requested financial information interferes with Stafford's fourth and fifth amendment rights. This interference is not offset by an apparent necessity to achieve a legitimate goal of sentencing. This condition must, accordingly, be tempered.

In **United States v. Merritt**[19] we held that requiring the defendant to file a tax return and pay taxes may be a valid condition of probation. After **Merritt**, however, we held that "[a] trial court may not condition probation upon payment of a specified sum of taxes when that sum has not been acknowledged, conclusively established in the criminal proceeding, or finally determined in civil proceedings."[20] Conviction for tax evasion does not strip

---

[17]    18 U.S.C. § 3563(b).

[18]    U.S.S.G. Part 5B, Introductory Commentary; <u>see</u> 18 U.S.C. § 3553(a).

[19]    639 F.2d 254 (5th Cir. 1981).

[20]    **United States v. Touchet**, 658 F.2d 1074, 1076 (5th Cir. 1981).

Stafford of his right fairly to litigate his civil tax liability. To the extent that the two conditions of probation may interfere with Stafford's ability to fully and fairly question and litigate his tax liability, the conditions must be revised.

The conditions of probation that Stafford provide financial information and cooperate with the IRS should be limited to tax years 1985, 1986, and 1987, and the years for which Stafford may be held accountable during the period of probation, and may not exceed that level of cooperation which could be compelled pursuant to federal civil discovery and trial rules. Once the amount of his tax liability is finally determined as the result of an agreement or contested proceeding, Stafford legitimately may be required to provide financial information regarding his ability to pay, just as any judgment debtor could be called to task.

For the foregoing reasons we AFFIRM the conviction but VACATE and REMAND for resentencing on the above discussed conditions of probation. Otherwise the sentence is AFFIRMED.