UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20828
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARLAND GODFREY,

Defendant - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas, Houston
(H-00-CR-589)
_____

March 26, 2002

Before REYNALDO G. GARZA, SMITH, and PARKER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

　　　Defendant Garland Godfrey pled guilty to a charge of distributing of a cocaine base

commonly known as crack. Although the indictment did not allege any particular quantity of the

cocaine base, the presentence report concluded that Godfrey's base level under the U.S.

Sentencing Guidelines should be Level 24 because he was responsible for distributing 4.12 grams

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

of crack.  The district court sentenced Godfrey to sixty-six months' imprisonment and three years of supervised release.  The court also assessed a mandatory $100 special assessment against him.  As a special condition of his supervised release, the district required Godfrey "to provide the probation officer access to any requested financial information." R. at 1:145.  Godfrey appeals the sentence, and for the following reasons, we affirm.

I

Godfrey first argues that, under the rationale of Apprendi v. New Jersey, 530 U.S. 466 (2000), the district court constitutionally erred by applying a sentencing guidelines enhancement for drug quantity where the indictment alleged no drug quantity at all.  We review the legality of a criminal sentence de novo. See United States v. Ortlieb, 274 F.3d 871, 879 (5th Cir. 2001).

In Apprendi, the Supreme Court held that a criminal defendant is entitled to a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt. 530 U.S. at 476–77.  Accordingly, any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the statutory maximum is an essential element of the offense, which must be charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt. See id. at 490; United States v. Clinton, 256 F.3d 311, 313 (5th Cir.), cert. denied, 122 S. Ct. 492 (2001).  Godfrey argues that, because the quantity of drugs was not charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt, the district court could not increase his maximum sentence under the sentencing guidelines.

Godfrey's argument is incorrect.  Apprendi does not apply to sentencing guideline enhancements so long as the enhancements do not cause the sentence to exceed its statutory maximum.  The case law is clear on this point. See United State v. Deville, 278 F.3d 500, ___,

Nos. 00-30900, 00-30968, 00-31124, slip op. 1371, 1380 (5th Cir. Jan. 7, 2002) (Apprendi does not apply when the defendant is sentenced within the permissible sentencing guidelines.); United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000) (per curiam), cert. denied, 121 S. Ct. 1163 (2001) ("Apprendi should be applied only to cases in which a sentence exceeds the statutory maximum, not to cases in which a sentence is enhanced within the statutory range based on a finding of drug quantity."); United States v. Fort, 248 F.3d 475, 483 (5th Cir.), reh'g denied, reh'g en banc denied, 260 F.3d 624 (5th Cir.), and cert. denied, 122 S. Ct. 405 (2001) (Where the defendant does not show that his sentence exceeded the otherwise applicable statutory maximum, the defendant fails to demonstrate that his sentence violates Apprendi.); United States v. Clinton, 256 F.3d 311, 324 (5th Cir.), cert. denied, 122 S. Ct. 492 (2001) ("[T]he Court has expressly rejected the argument that Apprendi applies to enhancements based upon the sentencing guidelines, whether tied to quantity or some other relevant fact, which do not cause the sentence to exceed the statutory range . . . ."). Thus, the district court did not err by applying a sentencing guidelines enhancement for drug quantity.

## II

Godfrey argues next that the provisions found at 21 U.S.C. § 841(a) and (b) are unconstitutional. He argues that Congress intended facts that determine the maximum sentence under the statute to be sentence enhancements rather than elements of separate offenses, a constitutional violation in light of Apprendi. This Court has already dealt with this argument and dismissed it. See Fort, 248 F.3d at 482–83 (rejecting an identical argument); United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000) (revised opinion) (per curiam), reh'g denied, reh'g en banc denied, 248 F.3d 1141 (5th Cir. 2001), cert. denied, 532 U.S. 1045 (2001) (holding that

nothing in Apprendi would permit this Court to conclude that the provisions found at 21 U.S.C. § 841(a) and (b) is are unconstitutional on their face). Our precedent forecloses Godfrey's second argument.

III

Lastly, Godfrey argues that the district committed plain error by imposing an unconstitutional special condition of supervised release ordering that he "provide the probation officer access to any requested financial information." R. at 1:145. The district court has wide discretion to impose special conditions of supervised release. See United States v. Paul, 274 F.3d 155, 164 (5th Cir. 2001). However, that discretion is limited by 18 U.S.C. § 3583(d), which states that special conditions of supervised release must satisfy three requirements. See Paul, 275 F.3d at 164. First, they must be reasonably related to four specific sentencing factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (3) the need for the sentence imposed to protect the public from further crimes of the defendant; and (4) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)–(D), 3583(d)(1). The second requirement for special conditions of supervised release is that they not involve a greater deprivation of liberty than is necessary to achieve the latter three sentencing objectives. 18 U.S.C. § 3583(d)(2). Finally, special conditions must be consistent with any relevant policy statements in the sentencing guidelines. 18 U.S.C. § 3583(d)(3).

Ordinarily, we review the district court's imposition of supervised release conditions for

an abuse of discretion. See Paul, 274 F.3d at 165. However, because Godfrey failed to object on this basis in the district court, we review his claim for plain error only. See Fort, 248 F.3d at 478 ("Issues that are not raised in the district court are reviewed for plain error."). When applying the plain error review standard, this Court will address the issue only if there was an error, the error was clear and obvious, and it affected a substantial right. See United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Jimenez, 256 F.3d 330, 340 (5th Cir. 2001). Further, because review of a plain error is permissive, rather than mandatory, we exercise our discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Olano, 507 U.S. at 732; Jiminez, 256 F.3d at 340.

Godfrey argues that the condition requiring disclosure of his financial information is overbroad and in violation of his Fourth Amendment rights against unreasonable searches and seizures and his Fifth Amendment rights against compelled self-incrimination. He relies on United States v. Stafford, 983 F.2d 25 (5th Cir. 1993). In Stafford, the defendant was convicted of tax evasion, and, as a special condition of his probation, the district court ordered him to give his probation officer access to any requested financial information and to cooperate fully with the IRS in resolving his tax liability for the years covered in his indictment as a special condition. See id. at 28. We held that the condition interfered with Stafford's Fourth and Fifth Amendment rights and that the interference was not offset by any apparent necessity to achieve a legitimate goal of sentencing. See id. at 28–29.

Godfrey's interpretation of Stafford is that a special supervised release condition requiring the disclosure of any requested financial information is permissible only to the extent that it permits the probation officer to monitor a defendant's compliance with the financial obligations

arising out of the offenses of conviction.  Godfrey argues that, because their were no financial obligations arising out of the offense of his conviction other than the <u>de minimis</u> $100 special assessment, the condition imposed on his supervised release by the district court was impermissible.

We see nothing in <u>Stafford</u> to support the general rule that Godfrey recommends.  In fact, <u>Stafford</u> is distinguishable from the present case.  Our overriding concern in <u>Stafford</u> was the conditions' impact on Stafford's ability to litigate fairly his tax liability in the future, and we ordered the revision only "[t]o the extent that the two conditions of probation may interfere with Stafford's ability to fully and fairly question and litigate his tax liability." 983 F.2d at 29.  Because there is no similar concern in this instance, Godfrey's reliance on <u>Stafford</u> is misplaced.

Godfrey also claims that the sentences guidelines themselves show the inappropriateness of the special condition imposed on his supervised release.  Citing U.S.S.G. § 5D1.3(d)(3), p.s., Godfrey claims that the guidelines suggest that such a condition should be imposed on a defendant's supervised release only if the court imposes a financial obligation on the defendant.  What Godfrey fails to recognize is that the special conditions listed in U.S.S.G. § 5D1.3(d), p.s., are "<u>recommended</u> in the circumstances described and, in addition, may <u>otherwise</u> be appropriate in particular cases." <u>Id.</u> (emphasis added).

Given the distinguishing facts of <u>Stafford</u> and Godfrey's misinterpretation of the relevant policy statements in the sentencing guidelines, we cannot say that the district court committed plain error by imposing  a special condition on Godfrey's supervised release.

IV

For the foregoing reasons, the judgment of the district court is AFFIRMED.

-6-