United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41491
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DON FREDERICK SCHUTT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:01-CR-90-ALL
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:*

Don Frederick Schutt appeals from his conviction following a jury trial on two counts of failing to file income tax returns for the years 1995 and 1996, in violation of 26 U.S.C. § 7203. Schutt argues that the evidence was insufficient to prove that he willfully failed to file his tax returns because, based on his own research of the tax laws, he did not believe he was liable to pay taxes. Because Schutt did not move for judgment of acquittal at trial, we review to determine whether there was a miscarriage

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of justice.  United States v. Delgado, 256 F.3d 264, 274 (5th Cir. 2001).  A miscarriage of justice exists "only if the record is devoid of evidence pointing to guilt" or "the evidence on a key element of the offense was so tenuous that a conviction would be shocking."  United States v. Laury, 49 F.3d 145, 151 (5th Cir. 1995)(internal quotations and citation omitted).  After reviewing the record, we conclude that the evidence was sufficient for the jury to find that Schutt was aware of his duty to file tax returns and willfully failed to do so.  See United States v. Shivers, 788 F.2d 1046, 1048-49 (5th Cir. 1986); see also Cheek v. United States, 498 U.S. 192, 201 (1991).

Schutt also argues that the magistrate judge erroneously excluded from evidence documents that he used to form his beliefs about the federal tax system.  Schutt was permitted to testify about the documents upon he which relied, to read the contents of the documents to the jury, and to explain the effect of the documents on his beliefs.  There was no abuse of discretion in the court's exclusion of the documents from evidence.  See United States v. Stafford, 983 F.2d 25, 27-28 (5th Cir. 1993); United States v. Barnett, 945 F.2d 1296, 1301 (5th Cir. 1991); United States v. Flitcraft, 803 F.2d 184, 186 (5th Cir. 1986).

AFFIRMED.