# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2018

Lyle W. Cayce
Clerk

No. 17-50504
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS CORTEZ, also known as Jesus, also known as Jesus Eduardo Cortez, also known as Jesus E. Cortez-Olveda, also known as Jesus E. Cortez, also known as Jesus Olveda Cortez, also known as Jesus Eduardo Cortez-Olveda

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CR-1053-3

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jesus Cortez was convicted by a jury of conspiracy to possess with intent to distribute methamphetamine; aiding and abetting possession with intent to distribute methamphetamine; and using, carrying, and possessing a firearm in furtherance of a drug trafficking crime. He appeals his conviction and sentence for his 18 U.S.C. § 924(c) firearms offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50504

Cortez argues that the evidence was insufficient to support his firearms conviction for possession of a firearm during a drug trafficking crime because the gun he possessed was atypical of firearms associated with drug related crimes, he possessed it legitimately for self-defense, and no drugs were found in his vehicle.  The trial evidence, which we view in favor of the verdict, when applied to relevant factors, supports that a reasonable jury could find that Cortez possessed the pistol at issue in furtherance of the conspiracy for which he was convicted.  *United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018).

Specifically, when Cortez was stopped and found with a gun in his vehicle, his car was parked in the same parking lot as his codefendant's vehicle, which concealed a large amount of methamphetamine with a street value of tens of thousands of dollars that he planned to unload at his father's house.  *See Suarez*, 879 F.3d at 632; *United States v. Ceballos-Torres*, 218 F.3d 409, 415 (5th Cir.), *as amended on denial of reh'g en banc*, 226 F.3d 651 (5th Cir. 2000).  Contrary to his assertion, handguns are commonly used in drug trafficking.  *See Suarez*, 879 F.3d at 632; *United States v. Zamora*, 661 F.3d 200, 211 (5th Cir. 2011).  Cortez's gun was loaded with a chambered round, and it was immediately accessible to him.  *See Suarez*, 879 F.3d at 632; *United States v. Rose*, 587 F.3d 695, 702-03 (5th Cir. 2009).  Cortez testified that he carried a loaded gun in the event he was robbed.  *See Ceballos-Torres*, 218 F.3d at 415.  The evidence was sufficient to support his conviction.

Cortez argues that the district court plainly erred when it instructed the jury on his firearms offense because it mixed up the elements of the offense and failed to follow § 924(c)'s language or the Fifth Circuit Pattern Instructions.  The district court's decision not to follow the Pattern Jury Instructions with respect to using or carrying a firearm is not per se error.  *United States v. Tomblin*, 46 F.3d 1369, 1379 n.16 (5th Cir. 1995).

2

No. 17-50504

The district court instructed the jury that it could find Cortez guilty of the firearm offense alleged in Count Three if it found that he either carried or used or possessed a firearm in furtherance of a drug trafficking offense. However, under § 924(c), carrying or using a firearm in furtherance of a drug trafficking crime, "though related, is different from the possession offense." *United States v. Blevins*, 755 F.3d 312, 319 (5th Cir. 2014). Even if the court erred, Cortez fails to make the requisite showing that "considering the entire charge and evidence presented against [him], there is a likelihood of a grave miscarriage of justice." *United States v. Stafford*, 983 F.2d 25, 26 (5th Cir. 1993).

AFFIRMED.