**Orville JOHNS, Petitioner,**

v.

**TOWN OF LOS GATOS,
et al., Respondents.**

**No. C 92–20715 JW EAI.**

United States District Court,
N.D. California.

Oct. 5, 1993.

Daniel W. Ballesteros, Hoge, Fenton, Jones & Appel, Inc., San Jose, CA, for respondents.

Orville Johns, pro se.

### ORDER REQUIRING PRE-FILING REVIEW

WARE, District Judge.

This matter is currently before the Court on Defendants' Motion to Declare Petitioner a Vexatious Litigant. Having reviewed the respective papers, Petitioner's litigious history, and oral argument of the parties, the Court hereby ORDERS that a Pre-filing Review requirement be imposed on any future suits Petitioner files which involve Respondents.

### BACKGROUND

On August 26, 1982, Petitioner brought a civil rights action against the Respondents and others in this federal court. *Johns v. Watson, et al.,* No. C 82–4582 RPA–SJ. The Court granted summary judgment in favor of all defendants in the action and the Ninth Circuit Court of Appeals affirmed. Thereafter, Petitioner filed a similar action in state court, purportedly for malicious prosecution. *Johns v. Town of Los Gatos, et al.,* No. 455923 (Santa Clara Superior Court). Defendants in the state court action included Respondents and other parties of the prior federal court action. The state court sustained Respondents' demurrers without leave to amend based on governmental immunity, res judicata, and a conclusion that Petitioner could not further amend his first amended complaint to state a cause of action. On February 10, 1986, the Ninth Circuit Court of Appeals denied a Petition for Rehearing.

On January 20, 1987, Petitioner filed suit in Santa Clara County Superior Court alleging deprivation of rights, conspiracy to interfere with civil rights, perjury, conspiracy to commit perjury and other claims. *Johns v. Sohns, et al.,* No. 620170. The case involved the same factual basis as the past cases and the defendants again included the present Respondents. On August 3, 1990, the court sustained without leave to amend Respondents' demurrers. Judgment was entered in Defendants' favor. Petitioner appealed. On August 2, 1991, the California Court of Appeal affirmed.

Petitioner filed a Request for Reconsideration, which was denied. On August 19, 1991, Petitioner filed a petition for review with the California Supreme Court, which was denied. Undaunted, Petitioner, between January 22, 1992 and March 31, 1992, filed various petitions regarding the above case with the United States Supreme Court, including writs of mandamus and requests for rehearings. All such petitions were denied.

On October 22, 1992, Petitioner filed another suit in the U.S. District Court for the Northern District, *Johns v. California State Supreme Court, Town of Los Gatos, et al.* No. C 92–20715 JW. This current suit involves the same defendants as his past suits (present Respondents). Petitioner seeks to have this Court order the California Supreme Court to grant him relief.

## DISCUSSION

A party's right of access to the Court is not absolute or unconditional. *Green v. Warden,* 699 F.2d 364, 369 (7th Cir.1983). The Ninth Circuit has noted that "frivolous claims by a litigious plaintiff may be extremely costly to defendants and can waste valuable court time." *DeNardo v. Murphy,* 781 F.2d 1345, 1348 (9th Cir.1986). In dealing with abusive litigants the federal courts possess "inherent power ... to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *DeLong v. Hennessey,* 912 F.2d 1144, 1147 (9th Cir. 1990) (quoting *Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir.1989). Under the power of 28 U.S.C. § 1651(a), enjoining litigants with abusive and lengthy histories is one such form of restriction that the District Court may take. *DeLong,* 912 F.2d at 1147.

As a means of stemming abusive litigation, the Court may issue an order requiring a litigant to seek permission from the Court prior to filing any future suits. *See DeLong,* 912 F.2d at 1146–47; *Procup v. Strickland,* 792 F.2d 1069 (11th Cir.1986). A pre-filing review order may be imposed when four conditions are met: (1) plaintiff is given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) the court provides an adequate record for review, including a listing of all the cases and motions that led the Court to conclude that a vexatious litigant order was needed; (3) the Court makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the Court order is narrowly tailored. *DeLong,* 912 F.2d at 1147–48.

In this case, all four conditions are met:

(1) Petitioner was served with Respondent's Request for Sanctions Under Fed. R.Civ.P. 11 and Motion to Declare Petitioner a Vexatious Litigant. Petitioner, upon notice of this motion, filed an Opposition. Petitioner appeared in front of this Court on September 17, 1993, and was given an opportunity to oppose the imposition of a pre-filing order. The Court finds that Petitioner had adequate notice and an opportunity to be heard regarding this Order.

(2) As discussed above, Petitioner's history shows numerous filings and appeals concerning the same defendants, the same factual allegations and the same claims.

(3) As discussed above, Petitioner has filed numerous suits and appeals against the same defendants, based on the same factual allegations and claims. Each of these suits was decided against Petitioner either on summary judgment or on Defendants' demurrers. Three of Petitioner's suits were appealed and each was affirmed by the reviewing court. Throughout these losses Petitioner filed three Petitions with the United States Supreme Court for a Writ of Mandamus, none of which were successful. Petitioner also filed various petitions for rehearings with the California Supreme Court, again none were successful. Throughout these filings and refilings the Respondents have been forced to defend themselves over and over against the same allegations. Petitioner shows a history of frivolous and harassing litigation and a propensity to continue such behavior.

(4) The pre-filing review order is narrowly tailored to address Plaintiff's particular abuses. A pre-filing review will relieve the Respondents from the burden of defending themselves against claims they have litigated over and over again since 1982. At the same time, the order will preserve Petitioner's right of access to the Court should he bring forth a nonfrivolous claim in the future.

Accordingly, the Court finds that the pre-filing review order is appropriate.

## CONCLUSION

It is ORDERED that the Clerk of this Court may not file or accept any further

pleadings, papers, or documents from Petitioner which pertain to or cite Respondent's without first obtaining leave of the Court. If Petitioner wishes to properly file a motion or other document with this Court he shall provide a copy of that document along with a letter requesting that the document be accepted for filing. If the Court does not grant permission to file the document, in writing, within 30 days of the date of the letter, permission will be deemed denied.

IT IS SO ORDERED.