**A.R. SALMAN, Plaintiff,**

v.

**DEPARTMENT OF THE TREASURY—
INTERNAL REVENUE SERVICE,
Defendant.**

**No. CV–N–95–52–DWH.**

United States District Court,
D. Nevada.

April 11, 1995.

A.R. Salman, Reno, Nevada in pro per.

Kathryn E. Landreth, U.S. Attorney, Reno, Nevada, Alisa R. Margolis, U.S. Dept. of Justice, Washington, DC, for defendant.

### *ORDER*

HAGEN, District Judge.

Plaintiff A.R. Salman sued defendant Department of the Treasury—Internal Revenue Service in state court for use of plaintiff's corporate name (# 1a). Claiming to have been named in this action improperly, the United States of America removed to this court (# 1), and requested an extension of time in which to answer (# 1c), which the court granted. Salman filed a "Notice and Demand to Strike" the removal notice and the request for an extension of time (# 1d). Salman then filed a "Notice and Demand to Strike" this court's order granting the extension of time and this court's minute order dated February 8, 1995 (# 2). The United States moved to dismiss and for an injunction barring Salman from filing any future actions against it without leave of the court (# 3). In response, Salman filed a "Notice and Demand to Strike" the United States' motion (# 4).

### ANALYSIS

Salman claims to own the name "Department of the Treasury—Internal Revenue Service" by virtue of having chartered a corporation in that name in Nevada. He further alleges the IRS is wrongfully using that name and the IRS is not in fact a United States government agency. Salman seeks over $900,000 in damages and injunctive relief.

According to the United States' motion to dismiss, Salman has filed numerous lawsuits against it, many of which have been dismissed as frivolous. The United States District Court, District of Nevada, recently dismissed two similar actions in which Salman attempted to sue the IRS. In those actions, Salman contended the IRS did not have the power to levy taxes because it is not a governmental agency. In CV–N–94–518, the court dismissed Salman's claims, finding "the

Internal Revenue Service is a governmental agency and an agency of the United States Government." Docket # 29. Additionally, the United States points to a list of over 10 lawsuits Salman has brought over the years against the United States or its agents. It also contends the Ninth Circuit has twice sanctioned Salman for taking frivolous appeals.

 As for the instant case, the court finds there is no basis in fact for Salman's contention that the IRS is not a government agency of the United States. The United States cites to a host of Constitutional and statutory provisions that establish the IRS is indeed a federal agency. Salman was well aware of the controlling statutory authority that the IRS is a governmental agency from the court's order in CV-N-94-518. In short, Salman's action is wholly frivolous, and this court must dismiss it with prejudice.

In support of its request for injunctive relief, the United States argues monetary sanctions imposed by the Ninth Circuit have not deterred Salman from filing further frivolous actions. Further, the United States asserts Salman has used the court to harass the United States and its agents. Thus, it requests that this court enjoin Salman "from filing any further actions, in any court, against the United States of America and/or its agency the Internal Revenue Service and/or any employee/official/officer thereof without prior permission from this Court." Mot. Dismiss at 9.

 The Ninth Circuit recognizes "the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir.1990). In particular, a district court may enjoin a vexatious litigant under the All Writs Act, 28 U.S.C. § 1651(a), by issuing an order requiring the litigant to seek permission from the court prior to filing any future suits. *See id.* However, such an order should "rarely" be filed, *id.*, and only when four conditions are met:

(1) plaintiff is given adequate notice to oppose a restrictive prefiling order before it is entered;

(2) the court provides an adequate record for review, including a listing of all the cases and motions that led the [c]ourt to conclude that a vexatious litigant order was needed;

(3) the [c]ourt makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and

(4) the [c]ourt order is narrowly tailored.

*Johns v. Town of Los Gatos*, 834 F.Supp. 1230, 1232 (N.D.Cal.1993) (citing *DeLong*, 912 F.2d at 1147–48). Although the United States' motion gives a cursory history of Salman's previous litigation, it does not provide the court with an adequate basis upon which to file a narrowly tailored vexatious litigant order against Salman. In particular, the United States has not provided information upon which the court may make substantive findings of frivolousness or harassment, nor does it set forth sufficient information on Salman's past suits by which the court can narrowly tailor a prefiling order.

Accordingly, **IT IS ORDERED** that the United States' motion to dismiss (# 3) is GRANTED; Salman's claims are DISMISSED WITH PREJUDICE;

**IT IS FURTHER ORDERED** that the United States shall have twenty days from the date of this order within which to file supplemental points and authorities in support of its motion for injunctive relief; if the United States does not file said brief, its motion for injunctive relief will be denied;

**IT IS FURTHER ORDERED** that plaintiff shall have fifteen days within which to file an opposition to the above brief, and the United States shall have ten days within which to reply.