T.C. Memo. 1998-372

UNITED STATES TAX COURT

GREGORY STEWART MALONE AND PAMELA JOYCE MALONE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24609-97.                    Filed October 13, 1998.

Gregory Stewart Malone and Pamela Joyce Malone, pro sese.

James F. Prothro, for respondent.

MEMORANDUM OPINION

COHEN, Chief Judge:  This case was assigned to Special Trial
Judge John F. Dean pursuant to section 7443A(b)(4) and Rules 180,
181, and 183.[1]  The Court agrees with and adopts the opinion of
the Special Trial Judge, which is set forth below.

---

[1]All section references are to the Internal Revenue Code in
effect for the years in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

DEAN, Special Trial Judge:  This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed pursuant to Rule 40.  The motion also seeks an award of a penalty against petitioners under section 6673.

Petitioners resided in Fort Worth, Texas, at the time the petition in this case was filed.

Respondent's Notices of Deficiency

On September 29, 1997, respondent mailed petitioners respective notices of deficiency determining the following deficiencies and additions to petitioners' Federal income taxes:

Petitioner Gregory Stewart Malone

| Taxable | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1992 | $20,029 | $5,007 | $882 |
| 1993 | 15,207 | 3,802 | 637 |
| 1994 | 21,076 | 5,269 | 1,086 |
| 1995 | 20,723 | 5,181 | 1,131 |

Petitioner Pamela Joyce Malone

| Taxable | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1992 | $11,744 | $2,936 | $512 |
| 1993 | 7,241 | 1,818 | 303 |
| 1994 | 12,141 | 3,035 | 626 |
| 1995 | 10,030 | 2,508 | 548 |

The deficiencies in income tax determined by respondent are based on the determination that petitioners received

compensation, prizes or awards, and capital gains during the years 1992 through 1995, no part of which was reported on Federal income tax returns for those years. The additions to tax under section 6651(a)(1) are based on respondent's determination that petitioners' failure to file timely Federal income tax returns was not due to reasonable cause. The additions to tax under section 6654(a) are based on respondent's determination that petitioners failed to pay the required estimated income tax for the years in issue.

## Background

On December 24, 1997, this Court received and filed petitioners' petition. On February 17, 1998, respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted was filed under Rule 40, and it was requested therein that the United States be awarded a penalty under section 6673. Petitioners filed a notice of objection to the motion on February 23, 1998.

By Order dated February 20, 1998, this Court directed petitioners to file an amended petition, stating specific allegations of error in the notice of deficiency and a separate statement of facts, on or before March 17, 1998. In addition, this Court set a hearing on respondent's motion on April 20, 1998. Petitioners filed an amended petition on March 16, 1998, and a hearing was held in accordance with the Order.

Respondent asserts that this case should be dismissed for failure to state a claim because petitioners have failed to allege in the petition or amended petition any justiciable error and merely assert frivolous arguments as a protest against paying income taxes.

Petitioners assert numerous arguments, including assertions that: (a) The amounts in the notices of deficiency are arbitrary and without foundation; (b) petitioners do not voluntarily accept liability and the Commissioner is therefore "without authority" to act; (c) the Internal Revenue Service (IRS) does not exist as an agency of the "Federal United States Government"; (d) no determinations have been made in this case; (e) there is no Tax Court jurisdiction over this case; (f) because there has been no prior judicial determination, petitioners have been denied due process; and (g) the substitutes for returns prepared by the IRS in this case were not signed by petitioners or by the District Director and are invalid.

## Discussion

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. The Court may dismiss a petition when it appears beyond doubt that the taxpayer can prove no set of facts in support of his claim that would entitle him to relief.

Under Rule 34(b)(4) and (5), a petition must contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error".  Moreover, any issue not raised in the pleadings is deemed conceded.  Rule 34(b)(4); <u>Jarvis v. Commissioner</u>, 78 T.C. 646 (1982); <u>Gordon v. Commissioner</u>, 73 T.C. 736, 739 (1980).

In general, determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).[2]

The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5).  There is neither assignment of any error nor any allegation of fact in support of a justiciable claim.  Instead, petitioners' filings contain a hodgepodge of rhetoric, unsupported assertions, and legalistic

---

[2]The Internal Revenue Service Restructuring & Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3001(a), 112 Stat. 685, 726-727, added sec. 7491, which shifts the burden of proof to the Secretary in certain circumstances.  Sec. 7491 is applicable, however, to "court proceedings arising in connection with examinations commencing after the date of the enactment of this Act."  RRA 1998 sec. 3001(c), 112 Stat. 727.  The RRA 1998 was enacted on July 22, 1998, and, accordingly, sec. 7491 is inapplicable to this case.

gibberish without any actual legal basis. Further, petitioners did not file a proper amended petition as directed by the Court in its Order dated February 20, 1998.

Petitioners are subject to the Federal income tax system the same as other citizens of the United States. Having made up their minds, petitioners do not seek to understand the law. They merely seek to justify a position that they have already decided to take. Nevertheless, we shall address some of their points.

By law, enforcement of the Internal Revenue Code is to be performed "by or under the supervision of the Secretary of the Treasury." Sec. 7801. Under section 7802(a):

> (a) Commissioner of Internal Revenue.--There shall be in the Department of the Treasury a Commissioner of Internal Revenue, who shall be appointed by the President, by and with the advice and consent of the Senate. The Commissioner of Internal Revenue shall have such duties and powers as may be prescribed by the Secretary of the Treasury.

Contrary to petitioners' argument, there is, in fact and in law, an IRS. See Salman v. Department of Treasury--Internal Revenue Service, 899 F. Supp. 471, 472 (D. Nev. 1995) (recognizing "a host of Constitutional and statutory provisions that establish the IRS is indeed a federal agency"; argument to the contrary was found to be "wholly frivolous").

Petitioners argue that paying Federal income tax is "voluntary", a misleading concept at best. Our Federal income tax system provides for voluntary or self-assessment. See sec.

6201(a)(1); sec. 6203 ("assessment" is recording the liability of the taxpayer); sec. 301.6201-1(a)(1), Proced. & Admin. Regs. (the District Director shall assess taxes <u>determined by the taxpayer</u> as to which returns are made); see also <u>Flora v. United States</u>, 362 U.S. 145, 176 (1960).

Imposition of the income tax, however, is not voluntary. See section 1, "<u>There is hereby imposed</u> on the taxable income of--(1) every married individual * * * who makes a single return jointly with his spouse under section 6013, * * * a tax determined in accordance with" the table provided. (Emphasis added.) Furthermore, if the Secretary or his delegate[3] determines

---

[3]"Secretary" is defined to mean "the Secretary of the Treasury or his delegate." Sec. 7701(a)(11)(B). A "delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described". Sec. 7701(a)(12).

Where a function is vested by the Internal Revenue Code or any other statute in the Secretary or his delegate and Treasury regulations provide that such function may be performed by such officers as the Commissioner or District Director, the regulation "shall constitute a delegation by the Secretary of the authority to perform such function to the designated officer or employee." Sec. 301.7701-9(b), Proced. & Admin. Regs.

An officer or employee authorized to perform a function by regulation is authorized to redelegate the performance of such function to an officer performing services under his supervision unless prohibited by order or directive. Sec. 301.7701-9(c), Proced. & Admin. Regs.

Petitioners claim to have been unable to find any delegation of power to revenue agents to perform income tax examinations. We refer them to Deleg. Order No. 37 (Revised), 1957-2 C.B. 1089, and Deleg. Order No. 4 (Rev. 20), 1990-1 C.B. 294. Even if such

(continued...)

a deficiency in income tax, he is authorized to send to the taxpayer a notice of deficiency by certified or registered mail before assessing such deficiency.  Secs. 6212(a), 6201(a).  When a taxpayer fails to file a return, as petitioners here, "it is as if he filed a return showing a zero amount for purposes of assessing a deficiency."  Schiff v. United States, 919 F.2d 830, 832 (2d Cir. 1990).  In such a case the deficiency is "the amount of tax due", Laing v. United States, 423 U.S. 161, 174 (1976).

Petitioners, having failed to file Federal income tax returns, were sent notices of deficiency by certified or registered mail signed by the acting District Director.

Once a statutory notice of deficiency has been sent, a taxpayer has 90 days in which to file a petition with the United States Tax Court.  During this period no assessment for the deficiency may be made and no levy or proceeding in court for its collection can be made or begun or, if a petition is filed, until a decision of the Tax Court is final.  Sec. 6213(a).

Petitioners have availed themselves of the statutory protections provided by Congress by filing their petition and

---

[3](...continued)
delegations did not exist, it would have no legal impact on petitioners' rights and obligations as citizens since delegations are internal management rules and not substantive rules of law. Stamos v. Commissioner, 95 T.C. 624, 631 (1990), affd. without published opinion 956 F.2d 1168 (9th Cir. 1992); accord United States v. Saunders, 951 F.2d 1065, 1068 (9th Cir. 1991).

cannot be heard to argue that they have been somehow deprived of their due process rights by this procedure. The issue was decided by the Supreme Court at least 67 years ago. See <u>Phillips v. Commissioner</u>, 283 U.S. 589, 599 (1931).

Petitioners rely on <u>Scar v. Commissioner</u>, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983), and assert that there has been no "determination" of a deficiency in their case and therefore the notices of deficiency are invalid. In <u>Scar</u>, the court noted that "The Commissioner acknowledges in the notice that the deficiency is not based on a determination of deficiency of tax reported on the taxpayer's return and that it refers to a tax shelter the Commissioner concedes has no connection to the taxpayers or their return." <u>Scar v. Commissioner</u>, <u>supra</u> at 1368. The facts of this case differ from those in <u>Scar</u>.

Petitioners evidently think that they fall within the rule of <u>Scar</u> because they admittedly filed no Federal income tax returns. But section 6211(a) makes it clear that only "if a return was made by the taxpayer" does the tax shown "on a return" figure in the Commissioner's determination of a deficiency. If no return is made, the amount shown as the "'tax by the taxpayer upon his return' shall be considered as zero." Sec. 301.6211-1(a); see <u>Laing v. United States</u>, <u>supra</u>.

Nowhere in petitioners' petition or amended petition do they state any facts indicating that they did not receive the income that was the subject of the notices of deficiency.  The notices of deficiency include as unreported income "employee compensation".  At the hearing on this motion petitioners admit working during the years in issue and to being "compensated" for that work.  The notices of deficiency compute petitioners' tax liability using the appropriate tax rate.  The notices unquestionably meet the minimum requirements; the Commissioner properly "determined" the deficiency within the meaning of section 6212(a).

At the hearing on this motion, apparently reading from section 6020(a), petitioners made much of the fact that substitutes for returns (SFR's) prepared by the Commissioner in this case were not signed by them.  But where a taxpayer fails to file a return, section 6020(b) allows the Secretary (or the District Director or other authorized internal revenue officer or employee, sec. 301.6020-1(b)(1), Proced. & Admin. Regs.) to prepare one "from his own knowledge and from such information as he can obtain through testimony or otherwise".  This section is, however, permissive, not mandatory.  United States v. Stafford, 983 F.2d 25, 27 (5th Cir. 1993); Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir. 1988).  Further, any inadequacies in SFR's

or the absence of SFR's[4] do not defeat a taxpayer's liability or the Commissioner's computation of a deficiency. <u>Geiselman v. United States</u>, 961 F.2d 1, 5 (1st Cir. 1992); <u>Roat v. Commissioner</u>, <u>supra</u>; <u>Hartman v. Commissioner</u>, 65 T.C. 542, 546 (1975).

Petitioners have failed to state a claim upon which relief can be granted. Accordingly, we will grant so much of respondent's motion that moves to dismiss. See <u>Scherping v. Commissioner</u>, 747 F.2d 478 (8th Cir. 1984).

---

[4]Petitioners misinterpret <u>Abrams v. Commissioner</u>, 787 F.2d 939 (4th Cir. 1986), affg. 84 T.C. 1308 (1985), to stand for the proposition that a SFR must be filed where a taxpayer does not himself file a tax return. What the court actually held in <u>Abrams</u> was that warning letters sent by IRS to tax shelter investors were not notices of deficiency.

Section 6673 Penalty

We turn now to that part of respondent's motion that moves for an award of a penalty against petitioners under section 6673(a). Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986), affg. an unreported order of this Court. Based on well-established law, petitioners' positions are frivolous and groundless.

The record in this case convinces us that petitioners were not interested in disputing the merits of either the deficiencies in income tax or the additions to tax determined by respondent in the respective notices of deficiency. Rather, the record demonstrates that petitioners regard this case as a vehicle to espouse their own misguided views of the tax laws of this country.

We are also convinced that petitioners instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay.  Dealing with this matter wasted the Court's time and respondent's time, and taxpayers with genuine controversies were delayed.

In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require petitioner Gregory Stewart Malone to pay a penalty to the United States in the amount of $10,000.  We will also require petitioner Pamela Joyce Malone to pay a penalty to the United States in the amount of $5,000.  See Fox v. Commissioner, 969 F.2d 951, 953 (10th Cir. 1992), affg. T.C. Memo. 1991-240 and T.C. Memo. 1991-241; Crain v. Commissioner, 737 F.2d 1417, 1417-1418 (5th Cir. 1984); Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984).

An order of dismissal and decision will be entered granting respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted.