Virginia L. FOX, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

Nos. 91–9015 & 91–9016.

United States Court of Appeals,
Tenth Circuit.

July 15, 1992.

Virginia L. Fox, pro se.

James A. Bruton, Acting Asst. Atty. Gen., Gary R. Allen, Kenneth L. Greene, and S. Robert Lyons, Attorneys, Tax Div., Dept. of Justice, for respondent-appellee.

Before MOORE, BARRETT, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Ms. Fox appeals from two orders and decisions of the United States Tax Court entered May 31, 1991, in this deficiency action, dismissing her petitions for review for failure to state a claim upon which relief may be granted, sustaining the Commissioner's determinations of deficiencies and additions to tax, and awarding damages to the Commissioner in the total

amount of $9,500 because she maintained two frivolous actions.[1] The Commissioner asks us not only to affirm the judgments of the Tax Court but to impose additional sanctions against Ms. Fox for bringing frivolous appeals. Finding no error or abuse of discretion by the Tax Court, we affirm its judgments; we decline, however, to impose additional sanctions.

By notices of deficiency dated October 5, 1990, and October 26, 1990, the Commissioner notified Ms. Fox that she owed taxes for 1986, 1987, and 1988, and additions to tax for 1986. *See* 26 U.S.C. § 6212. The bulk of the deficiencies were attributable to income tax deductions claimed by Ms. Fox and disallowed by the Commissioner for lack of substantiation. Ms. Fox, representing herself, filed separate, timely petitions for review in the United States Tax Court under 26 U.S.C. § 6213(a), each challenging the deficiency determinations on the grounds that:

a] Petitioner has been construed as a 'taxpayer' not true, pursuant to Code § 3401(c) and § 6331(a)

b] The so-called deficiency amount or $6,437.00 is a figure of inaccuracy, as there was not at any time an attested to statement certifying the amount as accurate.

c] Gerald F Swanson is well aware of the non-taxpayer status, as well as the taxpayer status, those required to pay income taxes.

d] Documents sent forth from the district director or Swanson has been less than honest with proof and is punishable under T–18 USC § 3, 4, 241, 242 1001 & 1621, who is a taxpayer pursuant to T–26 USC Code § 3401 and § 6331(a).

R. 91–9015, Doc. 2 at 1; R. 91–9016, Doc. 2 at 1.

In each action, the Commissioner filed a motion to dismiss for failure to state a claim upon which relief may be granted under Tax Court Rule 40, 26 U.S.C. foll.

§ 7453, and also requested a determination of the deficiencies and additions to tax, and damages (sanctions) under 26 U.S.C. § 6673. A hearing, which Ms. Fox did not attend, was held before the Tax Court on April 8, 1991. The court determined that Ms. Fox's claims were frivolous and groundless and the proceedings were instituted and maintained primarily for purposes of delay. Accordingly, the court then granted the motions to dismiss, sustained the Commissioner's determinations of deficiencies and additions to tax, and imposed sanctions.

■ Ms. Fox urges on appeal that she was "brainwashed" by one Sy Prog, apparently a tax protestor, into proceeding before the Tax Court in the manner she did, that she now understands the error of the "tax protestor" arguments she pressed before, and that she has documentation to refute the Commissioner's calculations of tax deficiency and additions to tax, if only she is allowed a second chance to produce evidence in the Tax Court. Although we sympathize with her regrettable mistake of judgment, we cannot grant Ms. Fox a second chance in the Tax Court.

I

■ We review de novo the Tax Court's dismissals for failure to state a claim and apply the same standard as would a district court in the first instance. *See National Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1243 (10th Cir.1989); 26 U.S.C. § 7482(a). Clearly, Ms. Fox's petitions, quoted above, were blatantly frivolous and groundless. They failed, at a minimum, to satisfy Tax Court Rule 34(b)(4) and (5), 26 U.S.C. foll. § 7453, which provides that the petition in a deficiency action shall contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "[c]lear and concise

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

lettered statements of the facts on which petitioner bases the assignments of error."

██ In addition, by choosing not to appear at the April 8, 1991, hearing before the Tax Court, Ms. Fox waived her opportunity to present documentation to substantiate her claimed tax deductions. Indeed, Ms. Fox never claimed until now to have documentation to refute the Commissioner's calculations of deficiencies and additions to tax—she claimed, rather, that she was not a taxpayer and not liable for any tax at all. The Tax Court did not err in dismissing Ms. Fox's petitions or in sustaining the Commissioner's determinations of deficiencies or additions to tax. *See* Tax Court Rule 123(b), 26 U.S.C. foll. § 7453.

## II

██ We review the Tax Court's imposition of sanctions for abuse of discretion. *Grimes v. Commissioner,* 806 F.2d 1451, 1454 (9th Cir.1986). Under 26 U.S.C. § 6673(a)(1), the Tax Court has discretion to impose sanctions not to exceed $25,000 when it appears to the court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, or the taxpayer's position in the proceeding is frivolous or groundless. Because Ms. Fox's materials in the Tax Court were clearly frivolous and groundless, the Tax Court did not abuse its discretion in imposing sanctions of $5,000 in one case and $4,500 in the other.

## III

The Commissioner asks this court to impose additional sanctions against Ms. Fox for bringing these appeals. *See generally, Casper v. Commissioner,* 805 F.2d 902, 906 (10th Cir.1986). Although Ms. Fox's position is frivolous, we decline to impose additional sanctions.

## CONCLUSION

The judgments of the United States Tax Court are AFFIRMED.