T.C. Memo. 1996-85


UNITED STATES TAX COURT


HENRY F. WESSELMAN, Petitioner, <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10505-95.        Filed February 28, 1996.


Henry F. Wesselman, pro se.

<u>John W. Duncan</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial Judge John  F. Dean pursuant to section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

------

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

OPINION OF THE SPECIAL TRIAL JUDGE

DEAN, Special Trial Judge:  This matter is before the Court on respondent's Motion for Summary Judgment.  Respondent contends that she is entitled to summary judgment on the ground there is no genuine issue as to any material fact and a decision may be entered as a matter of law.

Background

On March 31, 1995, respondent issued a statutory notice of deficiency to petitioner determining Federal income tax deficiencies and additions to tax as follows:

|      |            | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1991 | $6,725 | $1,681 | $79 |
| 1992 | 8,662 | 2,166 | 378 |
| 1993 | 22,523 | 5,631 | 942 |

The deficiencies in petitioner's income taxes are based on respondent's determination that petitioner failed to report a number of items of income for the years 1991, 1992, and 1993, including gross receipts from a trade or business, interest, dividends, and proceeds from the sale or redemption of securities.

The addition to tax under section 6651(a)(1) is based on respondent's determination that petitioner's failure to file timely an income tax return for each of the years at issue was not due to reasonable cause.  The addition to tax under section 6654(a) is based on respondent's determination that petitioner

failed to pay the requisite amount of estimated income taxes for 1991, 1992, and 1993.

On June 16, 1995, petitioner filed a petition in which he disputes all of the deficiencies and additions to tax. In his petition he also alleges that although he is a "state citizen of Illinois [not State of Illinois]", he is not a United States citizen[2], or "resident alien", and is not a nonresident alien that is engaged in a U.S. trade or business.

Respondent filed an answer to the petition on July 10, 1995, followed on August 14, 1995, by the subject motion for summary judgment.

By Order dated August 17, 1995, this matter was set for hearing in St. Louis, Missouri, on October 2, 1995. The case was called for hearing on that date and both petitioner and counsel for respondent appeared. At the hearing, respondent waived oral argument in support of her motion. Petitioner's oral argument consisted of the usual, patently frivolous, tax protester arguments.

Although admitting to "having a job" and to receiving "compensation" for his work, petitioner nevertheless takes the position that for the years 1991 through 1993, he was not subject to Federal income tax because: (a) "26 C.F.R." is not published

---

[2]In an attempt to have his cake as well as eat it, petitioner states, in a document denominated "Affidavit in Support of Petition", that Illinois is "united by and under the Constitution of the United States."

in the Federal Register; (b) the statutory notice of deficiency
contains information from respondent's "Business Master File" and
petitioner is "not in any business of any kind"; (c) he reserves
all his "remedies as for [sic] the Uniform Commercial Code";
(d) he is not a United States citizen (but admits being born in
Illinois); (e) he does not know what tax return to file because
there is no OMB (Office of Management and Budget) number and
expiration date on Form 1040; and (f) the income tax only applies
to the District of Columbia, Guam, and Puerto Rico.

Many of petitioner's arguments were in the form of a
question, such as "What IRS director -- district director am I
dealing with? Is it Guam? Is it Puerto Rico?"  Although
admonished more than once by the Court that the pertinent
question for the hearing was whether there was a factual dispute
about his receipt of unreported income in the years at issue,
petitioner presented only nonsensical "legal" tax protester
arguments.

Discussion

Rule 121[3] provides that either party may move for summary
adjudication upon all or any of the legal issues in dispute if
the moving party can show that there is no genuine issue as to

---

[3]Rule 121 is derived from Fed. R. Civ. P. 56.  Therefore,
authorities interpreting the latter will be considered by the
Court in applying our Rule.  Espinoza v. Commissioner, 78 T.C.
412, 415-416 (1982).

any material fact, and that a decision may be rendered as a matter of law.

The moving party has the burden of "showing" the absence of a genuine issue as to any material fact.  See Espinoza v. Commissioner, 78 T.C. 412, 416 (1982), and cases cited therein. In Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the Supreme Court described the "showing" that must be made by the moving party:

> a party seeking summary judgment always bears the initial responsibility of informing the * * * court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. * * *

In Celotex, the Supreme Court held that the moving party in a summary judgment action need not in all cases introduce evidence negating an essential element of the opponent's claim in order to prevail on the motion.  If the moving party can make a "showing" from the record of "a complete failure of proof concerning an essential element of the nonmoving party's case" and on which the nonmoving party will bear the burden of proof at trial, there can be "'no genuine issue as to any material fact,'" with respect to that claim.  Id. at 322-323.[4]

---

[4]See also Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986), a case cited by the Court in Celotex Corp. v. Catrett, 477 U.S. 317, 319 (1986), wherein it is stated: "If the moving party can show that there is no evidence whatever to

Here petitioner has the burden of proof to show that respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S 111 (1933); Beard v. Commissioner, 82 T.C. 766, 773 (1984), affd. 793 F.2d 139 (6th Cir. 1986). Petitioner has not met that burden in this matter as his only objections to respondent's determined deficiencies in and additions to tax are based on frivolous tax protestor arguments. We need not address these arguments,[5] see Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

One of the purposes of summary judgment, as provided by Rule 121, is to isolate and dispose of factually unsupported claims or defenses. Celotex v. Catrett, supra at 324; see also Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). To that end, respondent's motion is appropriate in this case. Petitioner admits that he received "compensation" and that he did not file Federal income tax returns reporting income.[6] We find that there is a complete failure of proof by petitioner; he can point to no evidence in the record to show that respondent's determinations are incorrect. Based on the record, respondent is entitled to

---

establish one or more essential elements of a claim on which the opposing party has the burden of proof, trial would be a bootless exercise, fated for an inevitable result".

[5]We direct petitioner's attention to respondent's memorandum in support of her motion for summary judgment for cases holding petitioner's tired claims to be absurd.

[6]Petitioner refused to say whether he filed Illinois income tax returns for the years at issue.

summary judgment as a matter of law, and we so hold.  See, e.g., Beard v. Commissioner, supra.

We turn now to an award of a penalty against petitioner under section 6673(a).  The Court may on its own initiative require a taxpayer to pay such a penalty to the United States where the circumstances justify its imposition.  Horn v. Commissioner, 90 T.C. 908, 945 (1988).

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income tax or the additions to tax determined by respondent in the notice of deficiency.  Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and to espouse his own misguided views.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986), affg. an unreported order of this Court.  Based on well-established law, petitioner's position is frivolous and groundless.

We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay.  Dealing with this matter wasted the Court's time, respondent's time, and taxpayers with genuine controversies were delayed.

In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $5,000.  See Fox v. Commissioner, 969 F.2d 951, 953 (10th Cir. 1992), affg. T.C. Memo 1991-240; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984).

An order and decision will be entered granting respondent's Motion for Summary Judgment and requiring petitioner to pay a penalty pursuant to section 6673(a).