**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CLEMMIE BUCKNER; WANDA J.
WAGGONER; JIM WAGGONER; TERRY
HACKLER; JOAN HACKLER; DOWELL
N. BUCKNER; JOHN N. TEEL; GAYLE
HALL TEEL; RICHARD E. HACKLER;
JEFFREY A. ROBBINS; BARBARA J.
SPARKS; TERRY ROSKUM; TOM D.
DAVENPORT, suing as: Tommy D.
Davenport; LINDA JEANNE DAVENPORT;
KENTON WHITMAN; JAMES L.
LAMBERT; DANIEL J. SANDERS;
JOHNNIE SANDERS; VACHEL
BOSWELL; INA BOSWELL; BRUCE
LOWELL HIGGINS; RUSSELL L. DARK;
MICHAEL ARTHUR BEACH; DONNA
KAY BEACH; VERNON L. NOAH;
WILLIAM D. PERRY; GEORGIA M.
PERRY; JAMES LAMB; RHEA LAMB,
suing as: Rhea L. Lamb; TIMMOTHY F.
GODDARD, suing as: Timothy F. Goddard;
RICHARD D. HEMBREE; MICHELLE D.
BRASHIER, suing as: Michelle Brashier;
RALPH BAILEY, Doctor;  MELVIN D.
WHITMAN, suing as: Melvin Duane
Whitman; RETA M. WHITMAN; RICHARD
M. LABAT; REBECCA J. LABAT;
CHARLENE R. REDDICK; RODNEY K.
WILLIAMS, suing as: Rodney Krusell
Williams; JAMES R. TIMMONS; SANDRA
W. SNITKER; GAYLORD D. SNITKER;
DAVID WOLLMAN, suing as: David PC
Wollmann; and ALINE WOLLMAN,

     Plaintiffs - Appellants,

No. 98-5057
(D.C. No. 96-C-838)
(N.D. Okla.)

and

LINDSEY K. SPRINGER; HAROLD D. BOOS, suing as: Harold Douglas Boos; STEPHAN R. GERMANY; CYNTHIA K. ROBBINS; MONICA ROSKUM; RONALD WAYNE BUCK, suing as: R. Wayne Buck; SUZANNE BUCK, suing as: Suzanne C. Buck; JAMES E. TURNER; JOHN JACKSON, suing as: John Jackman (signed complaint as John Jackson); MARSHA R. TURNER; DENNIS DEAN DAZEY; CAROL D. DAZEY; JIM A. SPARGUR, suing as: Jim Spargur; PAUL A. BISCHOFF, suing as: Paul Bischoff, M.D.; LEEELLA J. BISCHOFF; MARLENE D. NOAH; YOUNG JA GODDARD; ROBERT L. HUFFMAN, suing as: Robert Huffman; NORMA W. HUFFMAN; CHARLES D. HATHAWAY, suing as: Charlie D. Hathaway; JUDY E. HATHAWAY, suing as: Judith E .Hathaway; SHARON K. BAILEY; JOHN P. KRUEGER, suing as: John P. Kruger; ANNETTA L. WILLIAMS, suing as: Anita L. Williams; TAMITHA TIMMONS; LAWRENCE M. BUCKNER; BARBARA J. BUCKNER; and JEAN D. WHITMAN,

Plaintiffs,

v.

UNITED STATES OF AMERICA, sued as: United States, United States of America, its collectors of Internal Revenue Tax, Lonnie Burkes as Chief Special Procedures Function, Allen Ambuhle as Assistant Chief Special Procedures Function, K.J. Sawyer as District Director, Chief of Procedure Insolvency John Wigley, Agent Glen Phipps,

- 2 -

John D. Russell, Agent B. Weisenbach, Agent Gloria Parks, Agent Maurine Weathers, Agent Sarah Briggs, Agent Brenda Jones, Agent Beverly Sumpter, Agent James Tye, Agent M. Blazine, Chief F. Witaker, Agent Terri Breedlove, Agent Homer Walker, Agent Laurence White, Special Agent John Thomas, Special Agent Kathy Beckner,  Agent James Cuny, Agent Stuart Anderson, Special Agent Tracy Foster, Agent Norman Botsford, Agent Dale Baustert, Agent Bernard Sharp, Special Agent/Agent Paul Thomas, Agent Jeannie Fox, Agent Scott Penny, Agent Gary L. Collins, Agent Kennith L. Harris, Group Manager/Agent Sam Cook, District Council Travis Brett Haul and any other John Does to be named; LONNIE BURKES; ALLEN AMBUHLE; K. J. SAWYER; JOHN WIGLEY; GLENN PHIPPS; KEN MCDANIELS; JOHN D. RUSSELL; B. WEISENBACH; GLORIA PARKS; MAURINE WEATHERS; SARAH BRIGGS; BRENDA JONES; BEVERLY SUMPTER; JAMES TYE; M. BLAZINE; F. WITAKER; TERRI BREEDLOVE; HOMER WALKER; LAURENCE WHITE; JOHN THOMAS; KATHY BECKNER; JAMES CUNY; STUART ANDERSON; TRACY FOSTER; NORMAN BOTSFORD; DALE BAUSTERT; BERNARD SHARP; PAUL THOMAS; JEANNIE FOX; SCOTT PENNY; GARY L. COLLINS; KENNITH L. HARRIS; SAM COOK; TRAVIS BRETT HAUL, all individually,

Defendants - Appellees.

## ORDER AND JUDGMENT[*]

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

Plaintiffs-Appellants ("Appellants") seek damages against the United States under 26 U.S.C. § 7433 because the government allegedly subjected Appellants to involuntary servitude by not allowing them to opt out of the federal tax system. The district court granted summary judgment on behalf of the United States and sanctioned Appellants pursuant to 26 U.S.C. § 6673(b)(1). This appeal followed, and the United States asks this court in a separately filed motion to impose sanctions against Appellants for bringing a frivolous appeal. We affirm and grant the United States' sanction motion.

Actions against the United States are barred by federal sovereign immunity in the absence of an express waiver by Congress. See Block v. North Dakota, 461 U.S. 273, 280 (1983). Appellants bring their suit under 26 U.S.C. § 7433, claiming that federal income taxation is unconstitutional. Section 7433 only

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

creates an action for damages if "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title." Appellants allege no improper collection activities. Section 7433 clearly does not waive sovereign immunity for any of Appellants' claims, including assertions that the federal tax system is unconstitutional, that Appellants are residents of Oklahoma and not the United States, and that Appellants do not conduct their financial transactions in United States currency. See Gonsalvez v. I.R.S., 975 F.2d 13, 16 (1st Cir. 1992).

In any event, all of Appellants' claims are completely lacking in legal merit and are patently frivolous. See Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990) (discussing "taxes are voluntary" claims); Porth v. Brodrick, 214 F.2d 925 (10th Cir. 1954) (attacks on legality of the Sixteenth Amendment and the constitutionality of the Federal tax laws are "far-fetched and frivolous"). For this very reason, the district court properly acted within its discretion to impose sanctions as authorized by 26 U.S.C. § 6673(b)(1). See Fox v. Commissioner, 969 F.2d 951, 953 (10th Cir. 1992) (abuse of discretion standard of review for sanctions).

Finally, the United States asks us in a separately filed motion to impose sanctions on Appellants (except for James L. Lambert and Charlene Reddick, who did not sign the opening appellant brief) for filing a frivolous appeal. See Fed. R. App. P. 38. An appeal is considered frivolous when "the result is obvious, or the appellant's arguments of error are wholly without merit." F.D.I.C. v. McGlamery, 74 F.3d 218, 222 (10th Cir. 1996) (quoting Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987)). Sanctions are warranted here, especially in light of the fact that the district court cautioned Appellants against pursuing these frivolous claims. We consider Appellants' position to be wholly without merit, and we consider the result of the appeal to have been so obvious as to render their position frivolous.

Accordingly, this Court imposes a $1500 sanction each against Appellants Jeffrey A. Robbins, Rodney K. Williams, and Vernon L. Noah. See Casper v. Commissioner, 805 F.2d 902, 906 (10th Cir. 1986) (adopting flat fee of $1500 as sanction for frivolous appeal from a Tax Court decision). We also impose a $1000 sanction on the remaining Appellants, except for James L. Lambert and Charlene Reddick, against whom no fines should be imposed. Messrs. Williams, Noah, and Robbins are assessed a higher sanction because they raised similar frivolous arguments in a prior appeal. See Williams v. Commissioner, No. 97-9021, 1998 WL 454111 (10th Cir. July 28, 1998); Noah v. Commissioner, Nos.

97-9018, 97-9019, 1998 WL 396569 (10th Cir. July 16, 1998); <u>Robbins v.</u>

<u>Commissioner</u>, No. 97-9009, 1997 WL 784811 (10th Cir. Dec. 22, 1997).

The judgment of the district court is AFFIRMED and the United States'

motion for imposition of sanctions is GRANTED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge