**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHELE D. HEMBREE
BRASHIER,

Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellee.

No. 00-9006
(T.C. No. 14992-99)
(U.S. Tax Court)

RICHARD D. HEMBREE,

Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellee.

No. 00-9007
(T.C. No. 14993-99)
(U.S. Tax Court)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Petitioners Michelle D. Hembree Brashier and Richard D. Hembree failed to file income tax returns for the years 1994, 1995, and 1996, and the Internal Revenue Service (IRS) issued them notices of deficiency. Petitioners appeal the decisions by the United States Tax Court (1) dismissing their petitions for redetermination of their tax deficiencies because they failed to state claims; and (2) holding them liable for the deficiencies and additions identified by the IRS. We have jurisdiction pursuant to 26 U.S.C. § 7482. Because petitioners have raised only frivolous arguments in this appeal, we affirm the Tax Court and grant respondent's motion for sanctions.

This court reviews de novo the Tax Court's dismissal of a petition for failure to state a claim. Fox v. Commissioner, 969 F.2d 951, 952 (10th Cir. 1992). Petitioners argue that requiring them to file sworn income tax returns violates their Fifth Amendment right against self-incrimination. This argument has been rejected numerous times by both the United States Supreme Court and this court. Starting with United States v. Sullivan, 274 U.S. 259, 263-64 (1927),

the Supreme Court held that a taxpayer could not avoid filing a sworn income tax return by claiming privilege under the Fifth Amendment, stating:

> In the decision that [the requirement to file a return] was contrary to the Constitution we are of opinion [sic] that the protection of the Fifth Amendment was pressed too far. If the form of return provided called for answers that the defendant was privileged from making he could have raised the objection in the return, but could not on that account refuse to make any return at all. . . . It would be an extreme if not an extravagant application of the Fifth Amendment to say that it authorized a man to refuse to state the amount of his income because it had been made in crime. But if the defendant desired to test that or any other point he should have tested it in the return so that it could be passed upon. He could not draw a conjurer's circle around the whole matter by his own declaration that to write any word upon the government blank would bring him into danger of the law.

The Supreme Court reiterated this rule in Garner v. United States, 424 U.S. 648, 650 (1976), stating "the privilege against compulsory self-incrimination is not a defense to prosecution for a failing to file a return at all[, but] the privilege [can] be claimed against specific disclosures sought on a return." The court emphasized that nothing in the Garner opinion questioned "the continuing validity of Sullivan's holding that returns must be filed." Id. at 650, n.3.

The Tenth Circuit has also held consistently that a taxpayer may not refuse to file a tax return under the auspices of the Fifth Amendment. See, e.g., Betz v. United States, 753 F.2d 834, 835 (10th Cir. 1985) ("It is well settled that the Fifth Amendment general objection [to filing a proper tax return] is not a valid claim of the constitutional privilege."); United States v. Stillhammer, 706 F.2d 1072,

1076-77 (10th Cir. 1983) (holding, based on <u>Garner</u> and <u>Sullivan</u>, that "[t]he Fifth Amendment does not serve as a defense for failing to make any tax return," and that "a general objection under the Fifth Amendment . . . is not a valid claim of the constitutional privilege which must be made as to specific items of information"); <u>United States v. Brown</u>, 600 F.2d 248, 251-52 (10th Cir. 1979) (holding disclosure of income is not protected by the Fifth Amendment, and that "it is an illegal effort to stretch the Fifth Amendment to include a taxpayer who wishes to avoid filing a return"); <u>United States v. Irwin</u>, 561 F.2d 198, 201 (10th Cir. 1977) ("[I]t is well established that the Fifth Amendment cannot be stretched so far as to absolve a taxpayer's duty to file a return.").

Petitioners also argue that the IRS is without constitutional authority to impose penalties and interest. We do not address this argument, however, because it was not raised to the Tax Court. See <u>Tele-Communications, Inc. v. Commissioner</u>, 104 F.3d 1229, 1232 (10th Cir. 1997) (noting general rule that appellate court will not consider an issue raised for the first time on appeal).

Finally, respondent requests that we impose sanctions against petitioners for filing frivolous appeals. This court has the inherent power to impose sanctions to regulate the docket, promote judicial efficiency, and deter frivolous filings. <u>Betz</u>, 753 F.2d at 835. The court also has statutory power to impose sanctions pursuant to 28 U.S.C. § 1912, and Federal Rule of Appellate Procedure

-4-

38, both of which authorize an award of damages and single or double costs.  In Casper v. Commissioner, 805 F.2d 902, 906 (10th Cir. 1986), we adopted a rule "awarding a flat fee of $1,500 as a sanction for a frivolous appeal from a Tax Court decision."  We held this amount would "(1) provide an effective sanction for the bringing of a frivolous appeal, (2) serve as an effective deterrent to the bringing of future frivolous appeals, and (3) recompense the government for at least the direct costs of the appeal."  Id.

Because petitioners' Fifth Amendment argument has been rejected consistently for more than seventy years, and because the Tax Court warned them that their argument was frivolous, sanctions are warranted.  Although Casper permits us to sanction each of the petitioners in the amount of $1,500, we recognize that their act of filing of joint briefs reduced the government's response costs.  Accordingly, we conclude it is appropriate to impose a $1,000 sanction on each petitioner.

The decisions of the Tax Court are AFFIRMED, and respondent's sanctions motion is GRANTED in the amount of $1,000 against each petitioner. The mandates shall issue forthwith.

Entered for the Court


Michael R. Murphy
Circuit Judge