T.C. Summary Opinion 2001-179


UNITED STATES TAX COURT


WILLIAM J. LAIDLAW III, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 6375-00S, 10575-00S.    Filed November 29, 2001.


William J. Laidlaw III, pro se.

Donna Bice Read, for respondent.



DEAN, Special Trial Judge:  These consolidated cases were
heard pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petitions were filed.
Unless otherwise indicated, subsequent section references are to
the Internal Revenue Code in effect for the years in issue.  The
decisions to be entered are not reviewable by any other court,
and this opinion should not be cited as authority.

In two notices of deficiency, respondent determined deficiencies in petitioner's Federal income taxes of $21,799, $27,016, $17,327, $25,967, and $20,709, for the taxable years 1994, 1995, 1996, 1997, and 1998, respectively. Respondent determined additions to tax under section 6651(a)(1) in the amounts of $1,089.95, $1,350.80, $866.35, $6,491.75, and $5,177.25 and additions to tax under section 6654 in the amounts of $1,131.20, $1,313.33, $922.24, $1,389.28, and $947.60 for 1994, 1995, 1996, 1997, and 1998, respectively. The issues for decision are: (1) Whether petitioner had unreported income as determined by respondent; (2) whether petitioner failed to file Federal income tax returns without reasonable cause; and (3) whether petitioner underpaid estimated income taxes.

At the time the petitions were filed, petitioner resided in Fort Worth, Texas.

## Background

Petitioner filed petitions in which he alleged that "I dispute all of the above [tax deficiencies and additions to tax] due to the fact that I am not required to file a tax return for a variety of reasons." Respondent filed in each case a motion to dismiss for failure to state a claim upon which relief can be granted.

In consideration of respondent's motions, the Court ordered petitioner to file proper amended petitions setting forth clear

assignments of error committed by respondent in determining the deficiencies and additions in dispute and the facts on which he based the assignments of error. Because petitioner filed amended petitions that alleged, among other things, assignments of error and facts that can be interpreted as raising justiciable issues, respondent's motions were denied.

At trial, however, petitioner raised only one issue. That issue can be distilled to a peculiar concept, often espoused by tax protesters. He did not have income in the years at issue, he said, because the corporate payroll checks he received were debts, "And when you take that check to the bank, you get more debts that are called" Federal reserve notes. Petitioner admitted that he received the checks from various payers and that he failed to file Federal income tax returns and pay taxes.

During the years at issue, petitioner was an insurance salesman working on a commission basis for a number of insurance companies. Before trial, petitioner refused to stipulate any facts or exhibits. Respondent was forced to bring in from various locations representatives from insurance companies to testify concerning documents verifying their commission payments to petitioner. Petitioner failed to question on cross-examination any witness or raise an objection to the admission of any of the documents they produced.

## Discussion

Other than testimony as to his announced "legal" theory, petitioner presented no evidence and has abandoned contesting any justiciable issue raised by respondent's determinations. See Rybak v. Commissioner, 91 T.C. 524, 566 n.19 (1988).

We see no need to address the frivolous legal theory of petitioner. See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); accord Casper v. Commissioner, 805 F.2d 902, 907 (10th Cir. 1986), affg. T.C. Memo. 1985-154.

Petitioner has failed to prove any error in respondent's determinations. Respondent's determinations of deficiencies in and additions to tax for 1994 through 1998, inclusive, are therefore sustained in their entirety.

At trial, respondent moved for penalties under section 6673, sanctions and costs awarded by courts. Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's positions in such proceedings are frivolous or groundless.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986), affg. an unreported order of this

Court. On the basis of well-established law, we find that petitioner's position is frivolous and groundless.

The record in these cases convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income taxes or the additions to tax determined by respondent in the respective notices of deficiency. Rather, the record demonstrates that petitioner regards these cases as vehicles to espouse his own misguided view of the tax laws of this country.

We are also convinced that petitioner instituted and maintained these proceedings primarily, if not exclusively, for purposes of delay. Dealing with these matters wasted the Court's time and respondent's time, and taxpayers with genuine controversies were delayed.

In view of the foregoing, we shall exercise our discretion under section 6673(a)(1) and require petitioner to pay penalties to the United States in the total amount of $25,000. See Fox v. Commissioner, 969 F.2d 951, 953 (10th Cir. 1992), affg. T.C. Memo. 1991-240; Crain v. Commissioner, 737 F.2d 1417, 1417-1418 (5th Cir. 1984); Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>for respondent</u>.
