**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SUSAN ZIMMERMAN,

        Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent - Appellee.

---

DONALD ZIMMERMAN,

        Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent - Appellee.

No.  02-9004
(Tax Court No. 8127-01)

No.  02-9005
(Tax Court No. 8124-01)

---

ORDER AND JUDGMENT  *

---

Before **SEYMOUR** , **EBEL** , and **O'BRIEN** , Circuit Judges.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

We have consolidated these appeals for purposes of disposition. In No. 02-9004, Susan Zimmerman petitions for review of decisions of the Tax Court granting the respondent's motion to dismiss her petition and denying her motion for reconsideration/motion for new trial. Similarly, in No. 02-9005, Donald Zimmerman petitions for review of the Tax Court's decisions dismissing his petition and denying his motion for reconsideration/motion for new trial. We dismiss Donald Zimmerman's petition for review for lack of jurisdiction. We affirm the Tax Court's decisions concerning Susan Zimmerman's petition.

1. **Timeliness of Donald Zimmerman's petition for review**

At the outset, we must address whether we have jurisdiction over Donald Zimmerman's petition for review. Under Fed. R. App. P. 13(a)(1), a petitioner must file his petition for review within ninety days of the entry of the Tax Court's decision. If the petitioner makes a timely motion to vacate or revise the Tax Court's decision, however, the time to file a notice of appeal runs from the entry of the order disposing of that motion. *Id.* 13(a)(2).

The Tax Court entered a final order in Donald Zimmerman's case on October 5, 2001. He filed a timely motion for reconsideration on December 4, 2001.[1] The Tax Court denied his motion on December 7, 2001. Mr. Zimmerman's former counsel mailed a notice of appeal to the Tax Court 125 days later, on April 11, 2002.

This April 11, 2002 notice of appeal was untimely. Mr. Zimmerman's former counsel, however, also sent a letter to the Tax Court stating that she had mailed an original notice of appeal to the Tax Court on February 26, 2002, eighty-one days after the motion for reconsideration was denied. Her letter claimed that the original notice of appeal "evidently was destroyed in the mail" and that "[w]e received in our office a mangled representation of we think the appeal." [sic] R. doc. 14, letter of April 11, 2002. Counsel's letter contained a photocopy of the original notice of appeal, but no registered or certified mail receipt and no evidence of the original envelope, its postmark date or its "mangled" contents.

A notice of appeal is deemed delivered on the date of mailing, as established by a United States postmark. 26 U.S.C. § 7502(a), (b); 26 C.F.R.

---

[1] The Tax Court construed the motion to reconsider as a motion to vacate. The motion was postmarked October 29, 2001 and hence was timely. The Tax Court assigned the delay between the postmark and filing dates to the closure of a Washington, D.C., postal service facility due to presence of anthrax bacterium.

§ 301.7502-1(b)(iii). Use of registered mail or certified mail provides prima facie evidence that the notice of appeal was delivered; the date of registration or the date of the U.S. postmark on the certified mail receipt is treated as the postmark date. 26 U.S.C. § 7502(C)(1); 26 C.F.R. § 301.7502-1(c)(2). Mr. Zimmerman has presented no evidence that the original notice of appeal was postmarked within the prescribed time period. We have only counsel's unsworn letter and a purported copy of the original notice of appeal to evidence the first attempt at filing a notice of appeal. These items are insufficient as a matter of law to establish timely delivery and filing. Therefore, we dismiss Mr. Zimmerman's petition for review as untimely.

2. **Susan Zimmerman's petition**

The Tax Court dismissed Susan Zimmerman's petition for failure to state a claim upon which relief could be granted. It further denied her motion to reconsider/motion for new trial (which it termed a motion to vacate), because the motion did nothing but repeat arguments raised previously. We review the dismissal of Ms. Zimmerman's Tax Court petition for failure to state a claim *de novo*. *Fox v. Comm'r*, 969 F.2d 951, 952 (10th Cir. 1992). The Tax Court's denial of her motion to vacate is reviewed for an abuse of discretion. *Drobny v. Comm'r*, 113 F.3d 670, 676 (7th Cir. 1997).

Having reviewed the briefs, the record and the applicable law in light of the above-referenced standards, we AFFIRM the challenged Tax Court decisions in No. 02-9004, for substantially the same reasons stated in the Tax Court's orders of October 5, 2001 and December 7, 2001. We DISMISS No. 02-9005, for lack of appellate jurisdiction. All pending motions are DENIED.

Entered for the Court


David M. Ebel
Circuit Judge