**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEFFREY T. MARTIN,

      Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 08-9007

(Docket No. 25909-07)
(United States Tax Court)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is,

therefore, submitted without oral argument.

Jeffrey T. Martin ("Martin"), acting *pro se*, appeals the United States Tax

Court's dismissal of his petition.  The Tax Court dismissed the petition for failure

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

to conform to Tax Ct. R. 34(b)(4), (5) and failure to state a claim upon which relief can be granted. We have jurisdiction pursuant to 26 U.S.C. § 7482 and affirm.

I

In 2007, the Commissioner of the Internal Revenue Service ("IRS") notified Martin by letter that he had a tax deficiency of $7203 for the 2000 tax year and was subject to penalties totaling $1066.85 under 26 U.S.C. §§ 6651(a)(1), (2). Martin filed a petition in the Tax Court to contest this determination. Martin asserted that he was neither involved in interstate commerce nor an employee of the federal government, and that the IRS failed to provide a sufficient legal basis for taxing him. Although Martin did not challenge or address the specific calculations of his tax deficiency, Martin requested the Tax Court reduce his deficiency to zero dollars.

The Commissioner filed a motion to dismiss Martin's petition for failure to state a claim upon which relief can be granted. This motion noted that the petition did not allege any facts regarding the tax deficiency at issue for the 2000 tax year. Considering this motion, the Tax Court ordered Martin to file an amended petition that contained specific challenges to the deficiency calculations and to allege the necessary, related facts. The Tax Court also set a hearing for the motion to dismiss to be held in February 2008 in Washington, D.C.

Martin filed an amended petition. The amended petition did not directly

-2-

challenge the deficiency calculation or allege any errors or facts related to those calculations. Instead, the amended petition incorporated the original petition by reference, asserted that the Commissioner bears the burden of proof at trial, and requested his tax liability be reduced to zero dollars.

Additionally, Martin filed a response brief opposing the Commissioner's motion to dismiss. Martin argued that: (1) opposing counsel lacked standing because counsel did not prove that he took an oath to uphold the Constitution of the United States; and (2) the Commissioner has the burden of proof. Martin did not appear at the hearing regarding the motion to dismiss. The Tax Court granted the motion to dismiss and found that Martin owed a tax deficiency in the amount of $7203 and was subject to additional amounts under 26 U.S.C. §§ 6651(a)(1), (2).

II

On appeal, Martin argues that the Commissioner and the Tax Court refused to identify the legal basis for his tax deficiency. Martin also contends that the Commissioner failed to establish that the "gains of his own labor were received from a federal venue." Appt. Br. at 6. Martin challenges the Tax Court's decision to conduct the hearing regarding the motion to dismiss in Washington, D.C. Lastly, Martin accuses the Tax Court, and possibly this court, of treason.

The Commissioner responds that the Tax Court correctly dismissed Martin's petition for failure to state a claim upon which relief could be granted.

-3-

The Commissioner asserts that the petition did not satisfy the requirements of Tax Ct. R. 34(b), noting "[i]nstead of raising a justiciable claim of error in the Commissioner's determination, [Martin] challenged the Commissioner's authority to collect income taxes from him at all." Appe. Br. at 10.

## III

We review *de novo* the Tax Court's dismissal for failure to state a claim. Fox v. Comm'r, 969 F.2d 951, 952 (10th Cir. 1992). Accordingly, we apply the same standard as a district court would in the first instance. Id. (citing 26 U.S.C. § 7482(a)). Because Martin proceeds *pro se*, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

In response to Martin's contentions, we begin with the rules of the Tax Court. See 26 U.S.C. § 7453 (stating that "the proceedings of the Tax Court . . . shall be conducted in accordance with such rules of practice and procedure . . . as the Tax Court may prescribe . . . ."). Rule 34(b) provides, in relevant part:

> The petition in a deficiency or liability action shall contain []:
> ...
>> (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. The assignments of error shall include issues in respect of which the burden of proof is on the Commissioner. Any issue not raised in the assignments of error shall be deemed to be conceded. Each assignment of error shall be separately lettered.
>> (5) Clear and concise lettered statements of the facts on which the petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of

proof is on the Commissioner.

We agree with the Tax Court's finding that Martin's petitions do not satisfy the requirements of Rule 34(b)(4) and (5). Martin does not identify any errors related to the determination of his tax deficiency in his petition, the amended petition, or his present filings. The statement, "The assignments of error shall include issues in respect of which the burden of proof is on the Commissioner," directly refutes Martin's repeated argument that he need not identify specific errors because the burden of proof is on the Commissioner.

Instead of providing specific arguments to contest his tax deficiency, Martin challenges the Commissioner's ability to impose any tax on him because he is a citizen "of the several states," but not a "federal U.S. citizen." Appt. Br. at 6. This argument is frivolous. "The federal government's taxation power is not limited to the District of Columbia or other federal enclaves." Gallegos v. Comm'r, 150 F. App'x 846, 847 (10th Cir. 2005) (citing United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990), for the statement, "For seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned [income] tax upon United States citizens throughout the nation, not just in federal enclaves, . . . , efforts to argue otherwise have been sanctioned as frivolous."). Martin's remaining arguments—regarding the location of the hearing and accusations of treason—are also frivolous and do not merit further discussion. E.g. Malan v. Comm'r, 261 F. App'x 117, 119 (10th Cir. 2008)

(characterizing an argument that "the Tax Court failed to honor [petitioner's] designation of the place of trial" as lacking merit "and/or" frivolous).

By not identifying how the Commissioner erred in the determination of his tax deficiency, Martin's petition failed to state a claim upon which relief can be granted. We affirm.

Entered for the Court

Mary Beck Briscoe
Circuit Judge