**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 14, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICHARD JOHN SPONSEL,

  Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

  Respondent-Appellee.

No. 08-9009
(Tax Ct. No. 27944-07)
(United States Tax Court)

**ORDER AND JUDGMENT**\*

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

Petitioner Richard John Sponsel appeals an order of the Tax Court

dismissing his petition for redetermination of an income tax deficiency and

additions to the tax for failure to state a claim upon which relief can be granted.

Our jurisdiction arises under 26 U.S.C. § 7482(a)(1), and we affirm.

---

\*    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The Commissioner issued a notice of deficiency to Mr. Sponsel for tax year 2004. The deficiency and additional taxes totaled $3427. In his amended petition for redetermination and in his responses to the Commissioner's motion to dismiss, Mr. Sponsel argued that (1) the IRS had failed to cite authority for the filing of a Form 1040 Substitute For Return; (2) the notice of determination was in error because "[t]he existence of a lawful deficiency must be predicated on signed income tax returns---that do not exist;" R. doc. 8 at 1; (3) the IRS had failed to cite any law requiring him, as an American citizen, to file an income tax return; and (4) he could not be made to file a Form 1040 that has no valid OMB control number as required by the Paperwork Reduction Act, 44 U.S.C. §§ 3501-3521. The Tax Court concluded that Mr. Sponsel's petition failed to raise a justiciable issue and granted the Commissioner's motion to dismiss.

We review de novo the Tax Court's dismissal for failure to state a claim. *Fox v. Comm'r*, 969 F.2d 951, 952 (10th Cir. 1992). Accordingly, we apply the same standard as a district court would in the first instance. *Id*. (citing 26 U.S.C. § 7482(a)). Because Mr. Sponsel proceeds pro se, we construe his pleadings liberally. *See Wheeler v. Comm'r*, 528 F.3d 773, 781 (10th Cir. 2008).

Mr. Sponsel's arguments are all frivolous tax-protester arguments. Mr. Sponsel does not deny that he failed to file a tax return for the 2004 tax year, and it is unclear whether the Commissioner prepared a Substitute For Return. If he did, his authority derived from 26 U.S.C. § 6020(b)(1); even if a substitute

-2-

return was not prepared, the Commissioner was still within his authority to issue a notice of deficiency. *See Smalldridge v. Comm'r*, 804 F.2d 125, 127 n.2 (10th Cir. 1986); 26 U.S.C. § 6201.

The Sixteenth Amendment to the United States Constitution authorizes Congress to levy an income tax. *Charczuk v. Comm'r*, 771 F.2d 471, 473 (10th Cir. 1985); *see also United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) ("For seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned [income] tax upon United States citizens. . . ."). Statutory authority is found at 26 U.S.C. § 1 and throughout Title 26 of the United States Code. *Wheeler*, 528 F.3d at 777. Notice of the taxpayer's duty to file a return and pay tax is found in 26 U.S.C. § 6012. Mr. Sponsel's argument based on the Paperwork Reduction Act is foreclosed by our recent opinion in *Wheeler*, 528 F.3d at 780-81.

The judgment of the United States Tax Court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge

-3-